# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2001-CA-01520-SCT

*COLBY VAUGHN, A MINOR, BY AND THROUGH HIS GUARDIANS AND NATURAL PARENTS, BRAD VAUGHN AND TRACY VAUGHN*

*v.*

*THE ESTATE OF KENDALL WORRELL AND TILDA B. WORRELL*

| | |
|---|---|
| DATE OF JUDGMENT: | 8/30/2001 |
| TRIAL JUDGE: | HON. C. E. MORGAN, III |
| COURT FROM WHICH APPEALED: | CHOCTAW COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | JOHN BRIAN HYNEMAN |
| | H. SCOT SPRAGINS |
| ATTORNEYS FOR APPELLEES: | MARK R. SMITH |
| | MICHAEL N. WATTS |
| NATURE OF THE CASE: | CIVIL - TORTS-OTHER THAN PERSONAL INJURY & PROPERTY DAMAGE |
| DISPOSITION: | AFFIRMED - 10/17/2002 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE McRAE, P.J., EASLEY AND CARLSON, JJ.**

**EASLEY, JUSTICE, FOR THE COURT:**

## PROCEDURAL HISTORY

¶1. On January 10, 2000, Colby Vaughn (Colby), a minor, filed this premises liability suit against his maternal great-grandmother, Tilda B. Worrell (Tilda), and the Estate of Tilda's deceased husband, Kendall Worrell (the Estate), in the Circuit Court of Choctaw County, Mississippi, by and through his guardians and natural parents, Brad and Tracy Vaughn (the Vaughns). Tilda and the Estate filed their answer to the complaint on March 13, 2000. After discovery was completed, Tilda and the Estate filed their motion for summary judgment on December 21, 2000. Colby's response to the motion for summary judgment was filed on February 5, 2001.

¶2. The trial court conducted a hearing on June 21, 2001, on the motion for summary judgment. On August 30, 2001, the trial court rendered its decision granting Tilda's and the Estate's motion for summary judgment. The trial court's judgment was filed on September 4, 2001. On September 19, 2001, Colby filed his notice of appeal to this Court.

## FACTS

¶3. On June 22, 1999, eight-year-old Colby was under the supervision of his maternal grandfather, Dixie Worrell (Dixie). The Vaughns, Dixie and Tilda all lived in Choctaw County, Mississippi, within a close proximity to each other. Dixie and Tilda lived on adjoining properties.

¶4. While riding his bicycle between Dixie's and Tilda's adjacent properties, Colby fell against a pile of debris containing sheets of tin stacked under various pieces of concrete and wood located on Tilda's property. Colby suffered a severe injury to his leg.

¶5. In her affidavit, Tilda stated that she had looked out her window prior to the accident, and she saw Colby with Dixie on her side of the property. However, Tilda was unaware that Colby was on her property at the time of the accident.

¶6. In Colby's deposition, he stated that he had ridden his bicycle in Tilda's yard on numerous occasions and was aware of the existence of the debris pile.

¶7. It is undisputed by the parties that Colby was a licensee on Tilda's property at the time of the accident. The parties further agree that it is undisputed that under existing case law, no duty exists toward a licensee except to refrain from willfully or wantonly injuring him and to warn of hidden dangers.

¶8. Colby now appeals to this Court the decision of the trial court granting Tilda's and the Estate's motion for summary judgment.

## STATEMENT OF ISSUES

**I. Whether the trial court erred in granting the appellees' motion for summary judgment.**

**A. Whether Colby was a licensee on the property at the time of the accident.**

**B. Whether Tilda breached her duty to Colby to refrain from willfully or wantonly injuring him or to not set traps for him by exposing him to hidden perils.**

**C. Whether the debris pile constituted a "trap" or "pitfall" which would preclude summary judgment.**

## DISCUSSION

### I. Summary Judgment

¶9. This Court applies a de novo standard of review on appeal from a grant of summary judgment by the trial court. *Jenkins v. Ohio Cas. Ins. Co.*, 794 So.2d 228, 232 (Miss. 2001); *Russell v. Orr*, 700 So.2d 619, 622 (Miss. 1997); *Richmond v. Benchmark Constr. Corp.*, 692 So.2d 60, 61 (Miss. 1997); *Northern Elec. Co. v. Phillips*, 660 So.2d 1278, 1281 (Miss. 1995). Rule 56(c) of the

Mississippi Rules of Civil Procedure provides that summary judgment shall be granted by a court if "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." M.R.C.P. 56(c). The moving party has the burden of demonstrating that there is no genuine issue of material fact in existence, while the non-moving party should be given the benefit of every reasonable doubt. *Tucker v. Hinds County*, 558 So.2d 869, 872 (Miss. 1990). *See also Heigle v. Heigle*, 771 So.2d 341, 345 (Miss. 2000). "If, in this view, there is no genuine issue of material fact and, the moving party is entitled to judgment as a matter of law, summary judgment should forthwith be entered in his favor. Otherwise, the motion should be denied." *Williamson v. Keith*, 786 So.2d 390, 393 (Miss. 2001). "Issues of fact sufficient to require denial of a motion for summary judgment obviously are present where one party swears to one version of the matter in issue and another says the opposite." *Tucker*, 558 So.2d at 872.

> Of importance here is the language of the rule authorizing summary judgment "where there is no genuine issue of *material* fact." The presence of fact issues in the record does not per se entitle a party to avoid summary judgment. The court must be convinced that the factual issue is a material one, one that matters in an outcome determinative sense...the existence of a hundred contested issues of fact will not thwart summary judgment where there is no genuine dispute regarding the material issues of fact.

*Simmons v. Thompson Mach. of Miss., Inc.*, 631 So.2d 798, 801 (Miss.1994)(citing *Shaw v. Burchfield*, 481 So.2d 247, 252 (Miss. 1985)). The evidence must be viewed in the light most favorable to the non-moving party. *See Russell*, 700 So.2d at 622; *Richmond*, 692 So.2d at 61; *Northern Elec. Co.*, 660 So.2d at 1281; *Simmons,* 631 So.2d at 802; *Tucker*, 558 So.2d at 872.

¶10. To avoid summary judgment, the non-moving party must establish a genuine issue of material fact within the means allowable under the Rule. *Richmond*, 692 So.2d at 61 (citing *Lyle v. Mladinich,* 584 So.2d 397, 398 (Miss. 1991)). "If any triable issues of fact exist, the lower court's decision to grant summary judgment will be reversed. Otherwise the decision is affirmed." *Richmond*, 692 So.2d at 61.

## A. Licensee

¶11. In *Little v. Bell*, 719 So.2d 757, 760 (Miss. 1998), this Court stated that:

> This Court has consistently held that the duty owed to an entrant on property is determined by reference to her status under the common law system. Throughout the state's jurisprudence, Mississippi has followed the common-law distinctions between trespassers, licensees, and invitees when determining the landowner's duty. *Skelton v. Twin County Rural Elec. Ass'n*, 611 So.2d 931, 936 (Miss. 1992) (citing *Payne v. Rain Forest Nurseries, Inc.*, 540 So.2d 35, 37 (Miss. 1989); *Hoffman v. Planters Gin Co.*, 358 So.2d 1008, 1011 (Miss. 1978); *Lucas v. Buddy Jones Ford Lincoln Mercury, Inc.*, 518 So.2d 646, 647 (Miss. 1998)).

It is well-settled under Mississippi law that a licensee:

> is one who enters upon the property of another for his own convenience, pleasure or benefit, pursuant to the license or implied permission of the owner.... *Payne v. Rain Forest Nurseries, Inc.*, 540 So.2d 35, 37 (Miss. 1989) (citing *Hoffman v. Planters Gin Company, Inc.*, 358 So.2d 1008.

1011 (Miss. 1978)).

*Skelton*, 611 So.2d at 936.

¶12. In the case at bar, the parties agree that Colby was a licensee on Tilda's property at the time of the accident.

### B. Duty of Care

¶13. This Court has defined "willful and wanton" as "knowingly and intentionally doing a thing or wrongful act." *Turner v. City of Ruleville*, 735 So.2d 226, 229 (Miss. 1999) (quoting *Raney v. Jennings*, 248 Miss. 140, 158 So.2d 715, 718 (1963)).

¶14. In the case sub judice, it is further undisputed by the parties that the duty owed a licensee is only to refrain from willfully or wantonly injuring him and to point out hidden dangers. *See Skelton*, 611 So.2d at 936. Nothing in the record demonstrates that Tilda engaged in any willful or wanton conduct to injure Colby.

¶15. In *Hoffman*, 358 So.2d at 1008, this Court set out an exception to the general rule that the duty owed a licensee is to refrain from willfully and wantonly injuring him:

> We think the premises owner is liable for injury proximately caused by affirmative or active negligence in the operation or control of a business which subjects either licensee or invitee to unusual danger, or increases the hazard to him, when his presence is known and that the standard of ordinary and reasonable care has application.

*Hoffman*, 358 So.2d at 1013.

¶16. To satisfy the exception carved out within *Hoffman*, there must be evidence that the landowner (1) was aware of the licensee's presence on the premises, and (2) that the landowner engaged in affirmative or active negligence in the control or operation of activities on the premises. *Saucier v. Biloxi Reg'l Med. Ctr.*, 708 So.2d 1351, 1356 (Miss. 1998). This heightened duty of care owed to a licensee is limited to require some type of "active" conduct or negligence by the landowner rather than "passive" negligence. *Id*.

¶17. The record does not reflect any active negligence by Tilda to place her within this exception to the general rule of the duty of care owed to a licensee.

### C. Hidden Peril

¶18. Colby argues that due to his age, he lacked the capacity to perceive the danger posed by riding his bicycle near the pile of debris, and Tilda, therefore, owed him a duty to specifically warn him of the potential danger. At the time of the accident, Colby was eight years old. Colby further contends that since Tilda failed to warn him of the pile of debris the debris constituted a "trap" or a hidden "pitfall."

¶19. Citing *Marlon Inv. Co. v. Conner*, 246 Miss. 343, 149 So.2d 312 (1963), Colby alleges that summary judgment should not have been granted as a hidden dangerous condition existed based on his age, experience, judgment and intelligence. In *Marlon*, a woman was injured when she slipped on debris while ascending unlit stairs at night. She had descended the stairs by mistake being misled by a lit sign into believing the stairs led to the establishment next door. *Id*. at 312-15. The stairs actually led to locked

doors. *Id*. The *Marlon* Court determined that a jury could find that the defendant failed to take reasonable precautions to prevent her injuries. *Id.* at 318. The Court held in *Marlon* that the owner of the premises must disclose to the licensee any concealed, dangerous condition on the premises of which the owner had knowledge so the licensee could exercise reasonable care. *Id*. at 312-15.

¶20. In response, Tilda cites *Adams v. Fred's Dollar Store*, 497 So.2d 1097 (Miss. 1986), which analyzed *Marlon* and the proper application of the standard established in *Marlon*. In *Adams*, a woman was injured when she drove her automobile into a light pole base in an unlit parking lot. *Id*. at 1098-99. She alleged that the light pole base amounted to a "trap" or "hidden peril" of which the owner of the premises should have warned her in order to exercise reasonable care. *Id*. In *Adams*, this Court determined that the concrete light pole did not constitute a "trap," a "hidden peril" or a "concealed pitfall." *Id*. This Court further held that the pole was visible by day, stood above ground and was open and obvious. *Id*.

¶21. In the case sub judice, the record reflects that Colby's great-grandmother, Tilda, occasionally looked after Colby when his grandfather, Dixie, was not available. Dixie stated in his deposition that there was no boundary line or fence between his property and Tilda's. Dixie served as caretaker of his property, as well as, that of his mother, Tilda. When Colby rode his bike, he normally rode in Dixie's yard and Tilda's yard as "one big yard." In Colby's deposition, he stated that on the day of the accident he was left in the care of his grandfather, Dixie. Colby further stated that he was familiar with his great-grandmother's yard and rode his bike in Tilda's yard numerous times on previous occasions and was aware of the existence of the debris pile. Colby even described the debris pile as a pile of tin with things stacked on top of it.

¶22. The record does not establish a jury issue that the debris pile was a "trap" or a "hidden peril." This Court finds that the debris pile was open and obvious. Nothing in the record supports Colby's allegation that his age should require that the debris pile be classified as a "hidden peril."

¶23. Therefore, we find that summary judgment was proper. Colby does not raise any issues that constitute reversible error.

## CONCLUSION

¶24. For the foregoing reasons, the judgment of the trial court is affirmed.

¶25. **AFFIRMED.**

**PITTMAN, C.J., SMITH, P.J., WALLER, COBB, DIAZ, CARLSON AND GRAVES, JJ., CONCUR. McRAE, P.J., CONCURS IN RESULT ONLY.**