IRVING, J.,
for the court.
¶ 1. JS, Inc., d/b/a Caps Auto Parts, filed a complaint against Brandon Auto Supply for breach of contract concerning an agreement which would have required Brandon Auto to buy back certain inventory from JS under certain specified conditions. JS sought enforcement of the agreement between the parties, or in the alternative, a money judgment in the amount of $100,000, plus costs and interest. Brandon Auto responded by filing a motion for summary judgment. The Chancery Court of the First Judicial District of Hinds County issued an opinion and order which granted Brandon Auto’s motion for summary judgment. Filing a timely appeal, JS presents a sole issue: whether the chancery court was correct when it granted Brandon Auto’s motion for summary judgment and dismissed the complaint of JS, Inc.
¶ 2. Discerning no error, we affirm.
FACTS
¶ 3. In the spring of 1996, JS opened a new automotive parts store in south Jackson, Mississippi. Prior to opening the store, JS sought financing from Union Planters National Bank to cover the costs associated with opening the store. During the same time, JS was negotiating with Brandon Auto for the latter to be JS’s *904 principal inventory supplier. Before finalizing its negotiations with JS, Union Planters encouraged JS to pursue a buy-back agreement with Brandon Auto. Consequently, JS and Brandon Auto entered into a buy-back agreement which provided that Brandon Auto Supply, Inc. would buy back JS’s inventory at a price not to exceed eighty percent of Brandon Auto’s acquisition costs. The buy-back provision covered only inventory purchased by JS from Brand Auto Supply and would be effective only if JS closed the business during the initial period of bank financing, not to exceed five years. Following the execution of the buy-back agreement by Brandon Auto Supply, Union Planters approved JS’s request for a loan and provided the business with $100,000 in financing.
¶4. In 1998, JS obtained a loan from Deposit Guaranty National Bank, now d/b/a AmSouth Bank, in the amount of $400,000. With this money, JS decided to expand its business by increasing its retail space, adding a repair shop, and increasing its inventory. JS also extinguished the balance of the original Union Planters’s loan with money it had obtained from the Deposit Guaranty loan.
¶5. In February 2001, JS closed the business due to substantial losses in revenue caused by competition in the national market. JS sought unsuccessfully to have Brandon Auto buy back JS’s inventory pursuant to the buy-back agreement. Consequently, JS filed suit against Brandon Auto seeking a declaratory judgment that the buy-back agreement was valid and enforceable. JS also sought either specific performance or a money judgment in the amount of $100,000 plus costs and interest.
¶ 6. Brandon Auto answered the complaint, and after some discovery, filed a motion for summary judgment. After hearing arguments on the motion, the chancellor issued an opinion and order which granted Brandon Auto’s motion for summary judgment. The chancellor found that the buy-back agreement between the parties was clear and unambiguous and that the buy-back clause referred to the initial financing period by Union Planters Bank, not to exceed five years. She also found that there was no genuine issue of material fact requiring a full trial on the merits.
DISCUSSION AND ANALYSIS OF THE ISSUES
¶ 7. This Court applies a de novo standard of review on appeal from a grant of summary judgment by the trial court. Vaughn ex rel. Vaughn v. Estate of Worrell, 828 So.2d 780, 782(119) (Miss.2002) (citing Jenkins v. Ohio Cas. Ins. Co., 794 So.2d 228, 232(¶16) (Miss.2001)). Rule 56(c) of the Mississippi Rules of Civil Procedure provides that summary judgment shall be granted by a court if “the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.” M.R.C.P. 56(c). The moving party has the burden of demonstrating that there is no genuine issue of material fact in existence, while the non-moving party should be given the benefit of every reasonable doubt. Vaughn, 828 So.2d at 782(¶ 9) (citing Tucker v. Hinds County, 558 So.2d 869, 872 (Miss.1990)). “If, in this view, there is no genuine issue of material fact and, the moving party is entitled to judgment as a matter of law, summary judgment should forthwith be entered in his favor. Otherwise, the motion should be denied.” Vaughn, 828 So.2d at 782-83(¶ 9) (citing Williamson v. Keith, 786 So.2d 390, 393(¶ 10) (Miss.2001)).
*905 ¶ 8. JS argues in this appeal, as it did in the trial court, that there is a genuine issue of material fact and focuses on two terms in the buy-back agreement which it deems ambiguous. Those terms are “bank” and “initial financing.” According to JS, there was no evidence before the trial court that the term “bank” as used in the agreement referred exclusively to Union Planters Bank. It explains that “bank” could reasonably pertain to another bank which provided financing to JS during the five-year initial term of financing. Moreover, JS proclaims that the term “initial financing” could mean the maximum length of time of the original term of financing, the entire five-year period. Disagreeing with these interpretations, Brandon Auto proclaims that “bank” refers only to Union Planters and the term “initial financing” means the financing obtained from Union Planters, to the exclusion of any other bank, not to exceed a period of five years.
¶ 9. The agreement-at-issue reads in relevant part as follows:
Brandon Auto Supply, Inc. agrees to buy back inventory from JS, Inc. d/b/a C.A.P.S. Auto Parts and/or Union Planters Bank (Customer) under the following terms:
Only if customer closes the business during the initial period of Bank financing, not to exceed five years.
Only inventory purchased from Brandon Auto Supply, Inc. Any and all inventory brought back under this agreement must be in saleable condition (unbroken packaging, “like new” appearance), and listed in current price sheets.
Buying price will not exceed 80% of Brandon Auto Supply’s acquisition cost.
¶ 10. “Issues of fact sufficient to require denial of a motion for summary judgment obviously are present where one party swears to one version of the matter in issue and another says the opposite.” Vaughn, 828 So.2d at 783(¶ 9) (citing Tucker, 558 So.2d at 872). Of importance here is the language of the rule authorizing summary judgment “where there is no genuine issue of material fact.” Id. “The presence of fact issues in the record does not per se entitle a party to avoid summary judgment. Id. The court must be convinced that the factual issue is a material one, one that matters in an outcome determinative sense ... the existence of a hundred contested issues of fact will not thwart summary judgment where there is no genuine dispute regarding the material issues of fact.” Id. (citing Simmons v. Thompson Mach, of Miss., Inc., 631 So.2d 798, 801 (Miss.1994)) (citing Shaw v. Burchfield, 481 So.2d 247, 252 (Miss.1985)). The evidence must be viewed in the light most favorable to the non-moving party. Id.
¶ 11. Despite the differences of interpretation by the parties, we find that JS does not present any genuine material issue, for we find that the terms “bank” and “initial financing” are clear and unambiguous upon our review of the four corners of the JS-Brandon Auto agreement. We agree with the chancellor that the terms “bank” and “initial financing” refer to the initial loan by Union Planters Bank. In reaching this conclusion we note that the term “bank” is capitalized and could only refer to Union Planters Bank under any reasonable interpretation. It would not have been necessary to identify Union Planters Bank by name and .include the phrase “initial term of Bank financing” if the intent was to make the buy-back provision applicable to any bank financing obtained within five years from the inception of JS’s business.
¶ 12. It is undisputed from the evidence that JS satisfied its loan from Union Planters with money obtained from Deposit *906 Guaranty Bank before the conclusion of the five-year period. Therefore, upon JS’s satisfaction of the Union Planters loan, Brandon Auto had no further duty to buy back inventory from JS, as JS’s business did not close during this initial financing period. We also note that the language of the agreement unequivocally states that the initial period of financing could be less than five years.
¶ 18. Therefore, in viewing the evidence in the light most favorable to JS, this Court finds that there are no genuine issues of material fact in dispute. Accordingly, we affirm the judgment of the trial court.
¶ 14. THE JUDGMENT OF THE CHANCERY COURT OF THE FIRST JUDICIAL DISTRICT OF HINDS COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ„ BRIDGES, THOMAS, LEE, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.