KING, C.J.,
for the Court.
¶ 1. Citibank (South Dakota), N.A. (Citibank), brought two actions seeking recovery on delinquent credit card accounts against George A. Weathersby and his wife, Ginnie M. Weathersby. The first action (2004-CP-1906) is against George Weathersby (Weathersby) only. The second action (2004-CP-2098) is against both George and Ginnie Weathersby (Weathers-bys). The Oktibbeha County Circuit Court granted summary judgment to Citibank against Weathersby on August 24, 2004, and against the Weathersbys on September 13, 2004. It is from this grant of summary judgment that Weathersby and *943 the Weathersbys appeal. Both actions have been consolidated on appeal, but will be discussed separately.
FACTS
1. Citibank v. George A. Weathersby
¶ 2. Citibank notified Weathersby of delinquent credit card debt by correspondence on August 14, 2003. Weathersby disputed the debt on August 22, 2003. After verifying the debt to Weathersby with credit card statements, Citibank filed its complaint with the Oktibbeha County Circuit Court for $15, 607.96, for failure to make payments, interest at 27.99% per annum, and attorney’s fees and collection costs. Weathersby, acting pro se, filed several pleadings, including a Response Pleading of Special Matter and Defendant’s Motion for Extension to Respond Pending Discovery So That Affirmative Defenses Can Be Effectively and Properly Asserted, the latter of which was deemed a general denial of Citibank’s complaint. On April 1, 2004, Citibank filed its Motion for Summary Judgment, while Weathersby filed an Objection to Hearing on Plaintiffs Motion for Summary Judgment Pending Defendant’s Motion to Dismiss. On April 15, 2004, the court granted Weathersby’s request for an extensions of time to respond to Citibank’s motion, including a Motion to Dismiss for Lack of Subject Matter Jurisdiction and Standing to Sue on claims that the debt should be deemed void because Citibank failed to verify it, since Citibank cannot produce Weathers-by’s signed credit agreement.
2. Citibank v. George and Ginnie Weathersby
¶3. Citibank demanded payment from George and Ginnie Weathersby on their delinquent credit card accounts on February 24, 2004.[1] Upon failure to satisfy the demand, Citibank filed its complaint against the Weathersbys on March 29, 2004, for $29,094.66, interest at 27.99% per annum, attorney’s fees and collection costs. Again, Citibank verified the debt to the Weathersbys by sending credit card statements. The Weathersbys, acting pro se, filed a Motion to Dismiss Complaint for Lack of Subject Matter Jurisdiction and Standing to Sue on May 4, 2004, claiming again that the debt should be deemed void because Citibank could not verify it. The motion was denied by the court on August 6, 2004. Citibank filed a motion for summary judgment on August 27, 2004, and it was granted on September 13, 2004.
DISCUSSION
¶ 4. A motion for summary judgment should only be granted by the trial court when the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Vaughn ex rel. Vaughn v. Estate of Worrell, 828 So.2d 780, 782(¶ 9) (Miss.2002) (citing M.R.C.P. 56(c)). The burden of proving the absence of disputed material issues of fact rests upon the moving party. Miller v. Meeks, 762 So.2d 302, 304(¶3) (Miss.2000). In considering whether material disputed facts exist, the court is obligated to view the facts in the light most favorable to the nonmoving party. Robinson v. Singing River Hosp. Sys., 732 So.2d 204, 206(¶ 7) (Miss.1999). On appeal, we employ a de novo standard of review from a grant of *944 summary judgment by the trial court. Vaughn, 828 So.2d at 782(¶ 9).
¶ 5. Weathersby and the Weathers-bys suggest that genuine issues of material fact exist because Citibank did not comply with federal law in pursuing its collection action and is barred from bringing action on the accounts.
¶ 6. “[Credit] [e]ard-use is both a request to the issuer for a loan against a line of credit and a promise to pay.” In re Mercer, 246 F.3d 391, 405-06 (5th Cir.2001). Therefore, card-use forms a unilateral contract: the holder promises to repay the debt and the issuer performs by reimbursing the merchant who accepted the card in payment. Id. (citing Anastas v. American Sav. Bank (In Re Anastas), 94 F.3d 1280, 1285 (9th Cir.1996)). When a consumer fails to pay any alleged debt, the creditor has a right to recoup moneys, as long as it is in compliance with the Fair Debt Collection Practices Act. The Fair Debt Collection Practices Act gives the following instructions when notifying a consumer of an alleged debt:
Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing:
(1) the amount of the debt;
(2) the name of the creditor to whom the debt is owed;
(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
(5) a statement that, upon the consumer’s written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.
15 U.S.C. § 1692g (a) (2000)
¶ 7. On August 14, 2003, Citibank issued Weathersby a letter notifying him of his debt. On August 22, 2003, Weathersby sent correspondence disputing the debt with Citibank. In compliance with the Fair Debt Collection Practices Act, Citibank sent Weathersby credit card statements verifying his $15, 607.96 debt on September 29, 2003. When no payment was remitted, Citibank filed its complaint against Weathersby.
¶ 8. On February 24, 2004, in compliance with the requirements of the Fair Debt Collection Practices Act, Citibank issued George and Ginnie Weathersby separate letters notifying them of their indebtedness to Citibank. After no payment was remitted, Citibank filed its complaint against the Weathersbys. Because Citibank did in fact comply with the Fair Debt Collection Practices Act in requesting the debt, there is no genuine issue of material fact as to this issue.
¶ 9. Weathersby and the Weathers-bys further claim that Citibank did not establish that it was the holder of the subject accounts because Citibank failed to verify their debts by not producing their original signed credit agreements. Contrary to the Weathersbys’ claims, verification involves nothing more than a debt *945 collector confirming in writing that the amount being demanded is what the creditor claims is owed. Chaudhry v. Gallerizzo, 174 F.3d 394, 406 (4th Cir.1999). Verification is only intended to eliminate the problem of debt collectors charging the wrong person, or attempting to collect debts which have already been paid. Id. The creditor has no further obligation to forward copies of bills or other evidence of debt. Id.
¶ 10. In verifying Weathersby’s and the Weathersbys’ debts, Citibank sent affidavits from employees on both accounts stating that Citibank owned the accounts, and that Weathersby and the Weathersbys owed on those accounts. Citibank also sent Weathersby and the Weathersbys copies of several months worth of credit card statements originally mailed to them. We find that this was sufficient in verifying Weathersby’s and the Weathersbys’ debts.[2] Accordingly, this issue is also without merit. Therefore, the judgment granting summary judgment is affirmed.
¶ 11. THE JUDGMENT OF THE OK-TIBBEHA COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
LEE AND MYERS, P.JJ., SOUTHWICK, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR. IRVING, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.

. One account was opened by George Weath-ersby with a present balance of $8,597.60. George and Ginnie Weathersby jointly opened another account with a present balance of $13, 487.93.

. Computer printouts are sufficient to verify debts. See Graziano v. Harrison, 950 F.2d 107, 113 (3rd Cir. 1991).