RANEY *v.* JENNINGS, et ux.

No. 42797 December 20, 1963 158 So. 2d 715

*Thomas H. Pearson,* Clarksdale, for appellant.

142

*Brewer, Brewer & Luckett,* Clarksdale, for appellees.

McElroy, J.

This is a suit for personal injuries, wherein a demurrer to the amended declaration of the appellant in the Circuit Court of Coahoma County, Mississippi was sustained and the amended declaration dismissed on appellant's refusal to amend further.

The declaration in part alleged:

"On April 22, 1962, Plaintiff was invited by the Defendants to visit their home and spend the day, being an Easter Sunday, at their home at 844 School Street, Clarksdale, Mississippi. Plaintiff was spending the day with Defendants and ate lunch with them on that day.

"After eating lunch, Plaintiff, who was 73 years of age, and of small size and statute, started to go out of the back door of the house, on the back porch, and into the back yard. She had never been out of the door, on the porch, or in the yard, she was not aware of the physical condition of the property of the backdoor and passageway through which she had to pass to go into the backyard. As a matter of fact, the passageway from the kitchen onto the back porch and down the back steps was a dangerous passageway, because of the narrowness of the passageway and the location and proximity of the back screen door to the back steps and porch. The screen door was so located as to make it dangerous for a person coming out of the backdoor to go down the

back steps, in that there was only seven inches clearance between the edge of the screen door and the edge of the porch and in that it was inconvenient and impractical to permit the screen door to close before entering on the back steps. The screen door was closed by two (2) strong springs which exerted great pressure. Because of the physical condition and existing situation, it was necessary that a person going out of the backdoor hold the screen door open until after such person had stepped from off the backporch on to the back steps, or else the screen door would swing ,closed and strike the person then standing on the back porch. Because the person would, of necessity, be standing at the edge of an unguarded porch and because the screen door was equipped with strong springs, it was very probable that a person standing on the edge of the porch and being struck by the screen door would be thrown off the porch unless such person were of sufficient physical size and strength to withstand the shock or impact from the closing door. The existence of this dangerous condition had been known for several years by Defendants, who had failed to take action to correct such situation. The Defendants knew, also, that several other persons had fallen or been knocked down in the same location because of the dangerous passageway, as above described. In spite of the existence of this condition, however, and the failure of Defendants to take any action to correct the situation and even though the Defendants knew that other persons had been injured because thereof, and even though both Defendants knew that Plaintiff was elderly in age and small and slight in size and stature, nevertheless, they failed to alert or warn her of the dangerous conditions there existing, of the proper and correct way to walk out the back door and down the back steps, or that the screen door would swing closed with great force and hit her, if she failed to step off the porch, before letting the door go.

"As plaintiff started to leave the back porch and go on to the back steps, she was suddenly knocked off the edge of the porch, down the steps, and into the back yard, because of the narrowness of the passageway and the screen door swinging closed striking, pushing, and knocking her over the edge of the porch.

"The injuries and disabilities sustained by Plaintiff were the direct and proximate result of the wilful, wanton, active, and affirmative negligence of the Defendants, who were so negligent in the following respects:

(1) In permitting the dangerous condition to exist on their premises, to their knowledge, without correcting same;

(2) In failing to apprise plaintiff of said dangerous condition even though they were aware thereof and even though they realized the hazard presented to Plaintiff in traversing thereon;

(3) In inviting plaintiff on their premises without exercising reasonable care for her safety;

(4) In failing to make the condition reasonably safe;

(5) In failing to warn Plaintiff of the condition and of the risk involved therein; and,

(6) In failing to assist Plaintiff in traversing the said dangerous passageway or advising her of the proper mode of traversing same."

The facts in this case could very easily have been taken from the case of Wright v. Caffey, 123 So. 2d 841, 239 Miss. 470, (1960). In this case the appellant's name is Raney and appellee's name is Jennings, and it appears that the appellant is the sister-in-law of the appellee instead of the mother. Both appellants were visiting in the home of the appellee for lunch. Both appellants were elderly and received rather serious injuries in falls in or about the premises of appellee. The amended declaration was filed after the original demurrer, adding on the allegations of wilfulness and wantonness as required in a suit against a host, in order to become liable. It

is true the allegations are that the area was dangerous because of the small clearance and the fact that you had to step off the porch before you could close the door. They alleged further that the appellee failed to warn her of any dangerous condition there existing, and they were guilty of wilful, wanton, active and affirmative negligence when she went out the back door and the screen door came back and caused her to fall from the porch.

It was not pointed out in the declaration, but had to be a matter of fact, that she was going out the door and was apprised of the strength of the spring on the back door by reason of pushing it open herself. The six allegations of negligence as set out above were following the allegations of wilful, wanton, active and affirmative negligence on the part of the appellees. Nowhere is it alleged that the appellee knew or had reason to know that the appellant was going near the back door of their house and no reason therefor appears. Although there may have been allegations of affirmative negligence, and of wilfulness and wantonness, the fact remains that those were only words added in the attempt to get around the decision of the court in Wright v. Caffey, supra. That case, quoting from several sources, says:

''As a general rule, the owner or occupant of premises owes no affirmative duty of care with respect to a mere licensee on the premises, or, as usually stated, owes no duty to the licensee, except to refrain from willfully or wantonly injuring him; and, accordingly, a mere licensee generally has no cause of action because of an injury received through the negligence of the owner or occupant of the premises to which the license extends. * * *

''The most usual statement of the general rule is that no duty exists toward a mere licensee except to refrain from willfully or wantonly injuring him, or as otherwise stated, to refrain from injuring the licensee through such

gross negligence as is equivalent to willfulness or wantonness, or to abstain from the doing of any intentional, willful, or wanton acts or misconduct, endangering the safety of the licensee.'' (65 C. J. S., Negligence, Sec. 35a, pp. 491-492)

''A social guest on the host's premises or in his home must take the premises as he finds them, with no greater right than a mere licensee with respect to the host's liability for injuries to the guest.'' (65 C.J.S., Negligence, § 35d, pp. 495-496)

''Although there is not a great deal of authority upon the point, the rule appears to be that the relation between host and guest is not that of invitor and invitee, but that of licensor and licensee, and that, in accord with the general principle which determines liability of an owner or occupant of premises to one who comes thereon as a mere licensee, the host is not liable for an injury sustained by the guest from some defect in the condition of the premises, except as the licensee is needlessly exposed to peril through the failure of the owner or occupant to warn him of danger, or by the active negligence of the owner or occupant. * * * *The guest assumes the ordinary risks which attach to the premises. No exception is made to the rule because of the fact that the guest enters on the host's express invitation to enjoy his hospitality.''* (38 Am. Jur., Negligence, § 117, p. 778)

The Court concluded in *Wright* that ''It cannot be said, as a legal conclusion, that the daughter in fact set a trap for her mother.''

 Appellant has made much of a failure to warn, but the declaration does not allege even that appellees knew or had reason to know that appellant was going to the back door of their home — so no need to warn of something they had no reason to envision. Further, the appellant could feel the strength of the back door spring when she went out, and she needed no coaching

for something she already knew. It will not be presumed that appellees wilfully injured appellant.

Wright v. Caffey, supra, holds that the appellant was nothing more than a licensee. In 65 C.J.S., Negligence, § 32a, p. 483, it is said that generally speaking a "licensee is on the premises by permission or sufferance only, and not by virtue of any business or contractual relation with the owner or occupant inuring to the mutual benefit of both, . . ." The appellant was certainly not in the home on business of the appellee or for mutual advantage.

The appellant cites Laube v. Stevenson, 137 Conn. 469, 78 A. 2d 693, 696, 25 A.L.R. 2d 592. In that case Mrs. Laube made occasional visits to the home of her daughter, Mrs. Stevenson, at which times she assisted with the household duties and care of the baby. She had never used the stairs but once, and that was about a year and a half before. Actually the stairs had been in a defective and dangerous condition for all of that time, and the defendant knew about it. Mrs. Stevenson requested her mother to get a blanket from the cellar, but did not warn her of the dangerous stairs. The opinion, in pointing out that the phrase "gratuitous licensee" includes "social guests who, in a sense, are persons temporarily adopted into a possessor's family," held that the daughter, under the circumstances was under a duty to warn her mother of the danger. She was going down the dangerous place at the request of the daughter who certainly knew of the danger and all and owed her a duty to not willfully permit her to get in the dangerous place.

██ ██ Willfulness and wantonness connote knowingly and intentionally doing a thing or wrongful act. This means actual knowledge on the part of the appellee and nowhere in the declaration was it shown that the appellees had any knowledge whatever that the appellant was going on the back steps, or out the back screen door.

■■■ The guest assumes the ordinary risks which are attached to the premises. No exception is made to the rule because of the fact that the guest enters on the host's express invitation to enjoy his hospitality. A host merely offers his premises for the enjoyment of his guests with the same security which the host and members of his family who reside with him have. ■■■ Therefore, a social guest injured by defect in the premises may not recover against his host in the absence of evidence establishing something more than ordinary negligence and maintenance of the premises. The guest is permitted to recover only where his injury is the result of active and affirmative negligence of the host. ''In other words, 'the host should treat the guest as a member of the family, and the guest, on the other hand, should accept the conditions ordinarily prevalent in his host's home without cavil or complaint.' '' Wright v. Caffey, supra (quoting from 25 A.L.R. 2d 598). The facts as set out are very different from the Laube v. Stevenson, supra, and Marlon Investment Co. v. Conner, 149 So. 2d 312 (Miss. 1963), cases.

■■■ The appellants put special emphasis on the case of Murry Chevrolet Co. v. Cotten, 169 Miss. 521, 152 So. 657. In this case the servants knew the peril of the appellee. They saw him at the time that he was in the dangerous position, and they owed him a duty to see that he was not injured. The case stated: ''. . ., until the servants of appellant discovered that he was in a position of peril, they owed him no duty except not to willfully or wantonly inflict injury on him, but, after discovering him to be in a position of peril, it was their duty to use reasonable care to prevent injury to him.'' The case is therefore affirmed.

Affirmed.

*Lee, P. J., and Ethridge, Gillespie and Brady, JJ.,* concur.