## IN THE SUPREME COURT OF MISSISSIPPI
## NO. 95-CA-00880-SCT

*TRISTA TURNER*

*v.*

*CITY OF RULEVILLE*

## ON MOTION FOR REHEARING

| | |
|---|---|
| DATE OF JUDGMENT: | 07/26/95 |
| TRIAL JUDGE: | HON. EUGENE M. BOGEN |
| COURT FROM WHICH APPEALED: | SUNFLOWER COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | WILLIAM B. RAIFORD, III |
| ATTORNEY FOR APPELLEE: | JOHN D. BRADY |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | REVERSED AND REMANDED - 03/25/1999 |
| MOTION FOR REHEARING FILED: | 9/24/97 |
| MANDATE ISSUED: | 4/15/99 |

**EN BANC.**

**PITTMAN, PRESIDING JUSTICE, FOR THE COURT:**

¶1. The present case was considered by this Court in *Trista Turner v. City of Ruleville,* No. 95-CA-00880-SCT, 1997 WL 562151 (Miss. Sept. 11, 1997). After full consideration, we grant Turner's Motion for Rehearing. The original opinion is withdrawn, and the following opinion substituted therefor.

## FACTS AND PROCEEDINGS

¶2. Trista Turner was injured in a collision with a drunk driver. Turner filed a complaint in Sunflower County Circuit Court against the drunk driver and the City of Ruleville. Turner alleged that the driver, James E. Smith,[1] was operating the vehicle without a valid driver's license and while visibly intoxicated with a blood alcohol level of .22. Turner also alleged that immediately prior to the accident Smith had been stopped by an Officer Bradshaw, an officer employed by the City of Ruleville Police Department, for operating the vehicle in an erratic fashion and failing to have the vehicle's headlights on. Turner specifically alleged that, although he knew that Smith was intoxicated and incapable of driving his vehicle in a safe and prudent manner, Officer Bradshaw allowed Smith to continue driving. This, Turner charged, constituted reckless disregard of the safety and well being of Turner and others traveling on the highway who were not

engaged in criminal activity at the time of injury. Turner sued the City of Ruleville ("the City") on the grounds that it was responsible for the actions of its officers. The lower court granted the City's Motion to Dismiss ruling that Turner failed to state a claim for which relief could be granted based on Miss. Code Ann. § 11-46-9 (c), which provides that a governmental entity and its employees acting in the course and scope of their employment or duties shall not be liable for any claim:

> (c) Arising out of any act or omission of an employee of a governmental entity engaged in the performance or execution of duties or activities relating to police or fire protection unless the employee acted in reckless disregard of the safety and well-being of any person not engaged in criminal activity at the time of injury . . . .

¶3. Turner specifically alleged in her complaint that on or about May 1, 1994, at approximately 8:00 p.m., she was traveling as a passenger in a vehicle being driven by Typhron Armstrong in a northbound direction on U.S. Highway 49 in Sunflower County. Turner further alleged that Smith was driving another vehicle in the northbound lane on U.S. Highway 49 but had either stopped the vehicle in the northbound lane on U.S. Highway 49 or was backing down the highway without tail lights or flashing signals. The vehicle driven by Armstrong collided with the rear of the vehicle driven by Smith.

¶4. The circuit court judge granted the City's Motion to Dismiss, because he found the conduct described in the complaint to be exempt from liability under the Tort Claims Act. Specifically, the court held that Miss. Code Ann. § 11-46-9(c) "excludes from the protection of the act police activity when the police officer acted in reckless disregard of the safety and well-being of any person not engaged in criminal activity at the time of injury. The phrase 'reckless disregard' has been used interchangeably with wanton disregard, and wantonness included the concept of malice -- a deliberate and intentional wrongdoing."

¶5. The City's motion was actually predicated on Miss. Code Ann. § 11-46-9(h). Subsection (h) exempts from liability any claim against a governmental entity or employee acting within the course of employment

> [a]rising out of the issuance, denial, suspension or revocation of, or the failure or refusal to issue, deny, suspend or revoke any privilege, ticket, pass, permit, license, certificate, approval, order or similar authorization should be issued, denied, suspended or revoked unless such issuance, denial, suspension or revocation, or the failure or refusal thereof, is of a malicious or arbitrary and capricious nature.

Miss. Code Ann. § 11-46-9(h) (Supp. 1996). The circuit court granted the City's Motion to Dismiss because the actions complained of on the part of the officer were performed within the course and scope of his duties and could not be properly characterized as being in reckless disregard for Turner's safety. The circuit judge also found no allegation in the complaint that the officer acted with malice or deliberately and intentionally harmed the plaintiff. Accordingly, the circuit court dismissed Turner's complaint and action with prejudice as to the City and certified that dismissal as a Miss. R. Civ. P. 54(b) final judgment. Turner appeals that dismissal.

## **DISCUSSION OF THE LAW**

¶6. Turner asserts that the trial court erred by granting the City's motion under Miss. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. Particularly, she contends that the trial court erred in its application of the Mississippi Tort Claims Act.

¶7. The City's motion tested the legal sufficiency of Turner's complaint. In order to grant this motion it must appear to a certainty that Turner can prove no set of facts in support of her claim which would entitle her to relief. *Lester Eng. Co. v. Richland Water & Sewer Dist.*, 504 So. 2d 1185, 1187 (Miss. 1987).

¶8. Turner contends that the circuit court misinterpreted and misapplied the term "reckless disregard." While recognizing that this Court has not construed reckless disregard in the context of Miss. Code Ann. § 11-46-9(c), she argues that common definitions of the term make clear that a showing of intent is not required to establish recklessness.

¶9. In support of her position, Turner cites *Barnes v. State*, 249 Miss. 482, 162 So. 2d 865, 866 (1964), where the Court held that for the purpose of the reckless driving statute, "reckless" means "the commission of conscious acts or omissions which a driver knows or should know create an unreasonable risk of injury or damage. That which is necessary is that the driver should realize the strong probability of harm to ensue."

¶10. Turner also cites the dictionary definition of "reckless" and "reckless disregard of rights of others." "Reckless" is defined as

> . . . careless, heedless, inattentive; indifferent to consequences. According to circumstances it may mean desperately heedless, wanton or willful, or it may mean only careless, inattentive, or negligent. For conduct to be 'reckless' it must be such as to evince disregard of, or indifference to, consequences, under circumstances involving danger to life or safety to others, although no harm was intended.

*Black's Law Dictionary* 1270 (6th ed. 1991).

¶11. "Reckless disregard of rights of others" is defined as

> [a]s used in automobile guest law, means the voluntary doing by motorist of an improper or wrongful act, or with knowledge of existing conditions, the voluntary refraining from doing a proper or prudent act when such act or failure to act evinces an entire abandonment of any care, and heedless indifference to results which may follow and the reckless taking of chance of accident happening without intent that any occur . . . .

*Black's Law Dictionary* 1270 (6th ed. 1991) (emphasis added).

¶12. Turner also refers to *Harris v. State*, 642 So. 2d 1325, 1328 (Miss. 1994), where the Court cited sixteen states for the proposition that "'intentional' and 'reckless' are inconsistent terms." *Harris* was dealing with a situation in which the indictment of a criminal defendant charged him with "recklessly" attempting serious bodily injury. *Id*. at 1327. The Court noted that "attempt" embraces the concept of intent whereas recklessness requires no specific intent. *Id.* The Court then opined that the terms "intentional" and "reckless" are inconsistent terms. The Court further stated that these terms are mutually exclusive as applied to the aggravated assault statute. Id. at 1328.

¶13. Turner also contends that this Court has made clear that reckless conduct is synonymous with gross negligence, not intentional conduct. Turner cites *Dame v. Estes*, 233 Miss. 315, 101 So. 2d 644, 645 (1958), where the Court stated, "there is no precise definition of gross negligence, but one of the approximate definitions may be thus expressed: gross negligence is that course of conduct which, under the particular circumstances, disclosed a reckless indifference to consequences without the exertion of any

substantial effort to avoid them."

¶14. Turner maintains that for purposes of § 11-46-9(c) "reckless disregard" should mean only conduct evincing "the disregard of, or indifference to consequences, under circumstances involving danger to a life or safety to others, although no harm was intended." Thus, the circuit court was manifestly in error in requiring Turner to allege or establish that Officer Bradshaw intended to cause harm to Turner.

¶15. The City argues that the Court has defined recklessness and the officer's alleged actions do not rise to that level. The City argues that "reckless disregard for the safety of others" as defined in *Black's* is synonymous with willfulness and wantonness. Further, the Court has stated that "[w]illfulness and wantonness connote knowingly and intentionally doing a thing or wrongful act." *Raney v. Jennings*, 248 Miss. 140, 158 So. 2d 715, 718 (1963).

¶16. The City also cites the Court's decision in *Beta Beta Chapter of Beta Theta Pi v. May*, 611 So. 2d 889 (Miss. 1992). In *May*, the Court quoted the above language from *Raney*. The Court went on to say that "'wantonness is a failure or refusal to exercise any care, while negligence is a failure to exercise due care.'" *Id.* at 895 (quoting *Covington v. Carley*, 197 Miss. 535, 541-42; 19 So. 2d 817, 818 (1944).

¶17. Based on *Rainey* and *May*, the City asserts that intent is an element of recklessness and that Turner did not allege in her complaint that the officer intended or knew of the potential harm to her. Turner, on the other hand, maintains that reckless disregard is synonymous with gross negligence. While we agree that reckless disregard would encompass gross negligence, we hold that reckless disregard is a higher standard than gross negligence by which to judge the conduct of officers.

¶18. "Disregard" of the safety of others is at least negligence if not gross negligence. Because "reckless" precedes "disregard," the standard is elevated. As quoted above from *Black's Law Dictionary*, "reckless, " according to the circumstances, "may mean desperately heedless, wanton or willful, *or* it may mean only careless, inattentive or negligence." *Id. at* 1270 (emphasis added). In the context of the statute, reckless must connote "wanton or willful," because immunity lies for negligence. And this Court has held that "wanton" and "reckless disregard" are just a step below specific intent. *See Evans v. Trader*, 614 So. 2d 955, 958 (Miss. 1993). The Court held in *Evans* that in order to defeat an immunity defense under the common law, the plaintiff would not have to show that the officer entertained a specific intent. "It would suffice to show that [the officer] acted with wanton and reckless disregard for [the plaintiff's] safety." *Id.*

¶19. Our case law indicates "reckless disregard" embraces willful or wanton conduct which requires knowingly and intentionally doing a thing or wrongful act. *Raney*, 158 So. 2d at 718. Based on the facts pled, there is no allegation that the officer intentionally meant to harm Turner. However, the facts pled do allege that he wrongfully and intentionally allowed a visibly intoxicated Smith to continue driving. By this alleged act, the officer allegedly showed a reckless or wanton or willful disregard for the safety of other drivers on the road, including Turner.

¶20. The trial court erred in holding that the complaint was insufficient because it did not allege that the officer intended to harm the plaintiff. The proper focus should have been and is whether the officer intended to do the act that caused harm to come to the plaintiff.

¶21. The City is correct in its argument that reckless disregard for the safety of others is synonymous with willfulness and wantonness. We find that Turner adequately pled that the officer in this case acted willfully

and wantonly when he intentionally allowed a visibly intoxicated Smith to continue driving.

## CONCLUSION

¶22. Because willful and wanton are synonymous with reckless disregard and because the officer here was alleged to have acted willfully and wantonly, Turner's complaint did state a claim upon which relief could be granted. She adequately pled reckless disregard within the meaning of Section 11-46-9(c). Therefore, the trial court erred in dismissing Turner's complaint and action against the City. Therefore, we reverse the judgment of the Sunflower County Circuit Court, and we remand this case for further proceedings consistent with this opinion.

¶23. **REVERSED AND REMANDED.**

**SULLIVAN, P.J., BANKS, McRAE AND WALLER, JJ., CONCUR. SMITH, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY MILLS, J., PRATHER, C.J., JOINS THIS OPINION IN PART.**

### SMITH, JUSTICE, DISSENTING:

¶24. This case turns upon the application and interpretation of the term "reckless disregard" in Miss. Code Ann. § 11-46-9(c) (Supp. 1998). The crux of the matter concerns whether the term "reckless disregard" encompasses the element of intent and wilfulness, specifically intent to harm with respect to the plaintiff's injury. Originally, we held that it did. However, now on motion for rehearing, a new Majority holds otherwise. Maj. Op. at 8.

¶25. I agree with the law as cited by the new Majority, because they have not varied from our original discussion of the law. However, the new Majority's application of that law to the facts in the instant case is problematic. Based on the record before us, there is nothing to show that the officer intentionally did anything to harm Turner. Despite this fact, the Majority states, "The proper focus should have been and is whether the officer intended to do the act that caused the harm to come to the plaintiff." Maj. Op. at 7.

¶26. There is no nexus between the officer's conduct toward Smith and the injury suffered by Turner. Specifically, the intent of Officer Bradshaw to allow Smith to continue driving does not grow and ripen into the intent required as an element of reckless disregard with respect to the injury suffered by Turner. Therefore, in my view, the trial court was correct in holding that the complaint was insufficient because it did not allege that the officer intended to harm the plaintiff.

¶27. Reckless disregard for the safety of others is then synonymous with willfulness and wantonness and includes an element of intent of harm with regard to the plaintiff's injury. Therefore, because Turner did not allege that the officer intended harm to come to her as the plaintiff, Turner's complaint did not state a claim upon which relief could be granted. The order of dismissal should be affirmed.

¶28. I respectfully dissent.

**MILLS, J., JOINS THIS OPINION. PRATHER, C.J., JOINS THIS OPINION IN PART.**

1. Smith is not a party to this appeal.