¶ 18. While I concur with the result reached by the majority which finds summary judgment inappropriate under the circumstances, I disagree with its rationale. Summary judgment was inappropriate because the limited facts presented would permit a finding that the officer acted in reckless disregard for the safety and well-being of others by traveling at an excessive speed with no siren in a residential neighborhood. For this reason, I concur in result only.
¶ 19. It is well-established law that immunity under the Mississippi Tort Claims Act will not be afforded if "the employee acted in reckless disregard of the safety, and well-being of any person not engaged in criminal activity at the time of injury." Miss. Code Ann. § 11-46-9
Reckless disregard has been defined to "embrace willful and wanton conduct which requires knowingly and intentionally doing a thing *Page 1037 
or wrongful act." Turner v. City of Ruleville, 735 So.2d 226, 229-30 (Miss. 1999) (citing Raney v. Jennings, 248 Miss. 140, 147, 158 So.2d 715, 718 (1963)). Factors which support a finding of reckless disregard in connection with police pursuits include: (1) the length of the chase; (2) type of neighborhood; (3) characteristics of the streets; (4) the presence of vehicular or pedestrian traffic; (5) weather conditions and visibility; (6) the seriousness of the offense for which the police are pursuing the suspect; (7) whether the officer proceeded with sirens and blue lights; (8) whether the officer had available alternatives which would lead to the apprehension of the suspect besides pursuit; (9) the existence of police policy which prohibits pursuit under the circumstances; and (10) the rate of speed of the officer in comparison to the posted speed limit. City of Jackson v. Brister, 838 So.2d 274, 279-80 (Miss. 2003); City of Jackson v. Lipsey, 834 So.2d 687, 692-93 (Miss. 2003); City of Jackson v. Perry, 764 So.2d 373, 377 (Miss. 2000); Mayev. Pearl River County, 758 So.2d 391, 395 (Miss. 1999). See also Districtof Columbia v. Hawkins, 782 A.2d 293 (D.C. Ct. App. 2001).
¶ 20. Applying these factors to the facts presented, a reasonable fact finder could conclude that the "reckless disregard" exception to Miss. Code Ann. § 11-46-9 applies. At least six of the ten factors enumerated above are present. The police pursuit was in a residential neighborhood on the South East side of Cleveland near a four-lane highway. The streets in the neighborhood are narrow and numerous. Even at two o'clock in the morning, traffic near the area was still present since the four-lane highway which enters Cleveland is only a few feet away. Additionally, pedestrians were present as evidenced by the fact that Johnson, the victim of the pursuit, was a pedestrian crossing an intersection. The pursuit was initiated only by an officer's report of erratic driving. There were no claims that the suspect had committed any "criminal" acts other than a simple traffic violation. Additionally, the officer who precipitated the accident causing Johnson's death was not even the officer who initiated the pursuit but a backup officer. As an alternative to pursuit, the officers could have identified the license plate of the vehicle since at the time of the accident the suspect had fled the vehicle on foot. The officer involved in the accident did not have on his siren, and it is disputed as to whether he activated his blue lights. Finally, the officer was driving 45 to 50 miles per hour in a 30 mile per hour zone, exceeding the speed limit at least by 15 miles per hour in the pursuit of a suspect who was fleeing on foot. These facts taken as a whole certainly would permit a finding that the officer acted in "reckless disregard of the safety, and well-being of any person not engaged in criminal activity at the time of injury." Miss. Code Ann. § 11-46-9 I would find that based on the facts presented, summary judgment was inappropriate since the plaintiffs offered sufficient evidence to permit a finding that the "reckless disregard" exception to immunity under Miss. Code Ann. § 11-46-9 applies.
¶ 21. For this reason, I concur in the result reached by the majority, but write separately to explain the reasons I find the trial court's grant of summary judgment to be reversible error.