873 So.2d 1059 (2004)
Linda DAVIS, Appellant,
v.
Anthony S. LATCH, Individually and in His Capacity as a Corinth Police Officer; The City of Corinth, Mississippi, a Municipal Corporation; and The City of Corinth Police Department, Appellees.
No. 2003-CA-00511-COA.
Court of Appeals of Mississippi.
May 18, 2004.
*1060 Robert W. Davis, attorney for appellant.
Timothy Michael Peeples, Oxford, Wilton V. Byars, attorneys for appellees.
EN BANC.
MYERS, J., for the Court.
¶ 1. Linda Davis filed suit in the Circuit Court of Alcorn County, Mississippi, against Anthony S. Latch, individually and in his capacity as a Corinth police officer, the City of Corinth, Mississippi, and the City of Corinth Police Department. Davis alleged that Latch acted with reckless disregard and caused her injuries while operating his police department vehicle on September 24, 1998. A bench trial was held and the lower court entered a judgment in favor of Latch. The trial court found that Latch had not acted with reckless disregard for the safety of others, and as a result, was afforded immunity under the Mississippi Tort Claims Act, Mississippi Code Annotated Sections 11-46-1 to 11-46-23 (Rev.2002). Aggrieved by this result, Davis perfected the present appeal. Finding no error, however, we affirm the judgment of the lower court.

STATEMENT OF FACTS
¶ 2. This civil action arose from an automobile accident in Corinth, Mississippi. On the afternoon of September 24, 1998, the Corinth Police Department received a report of a disturbance or a fight. Latch was one of three officers to respond to the dispatch. Latch left the downtown area traveling eastbound with his blue lights and siren activated. Latch initially followed Officer Hopkins but was forced to stop at a red light while Officer Hopkins was able to go through the intersection before the light changed. Latch then proceeded eastbound and came to a complete stop again at the next intersection.
¶ 3. Latch then continued eastbound and began to approach a hill crest to the west of the intersection of Proper Street and South Parkway. The intersection is controlled *1061 by a four-way stop sign, with Proper Street running east and west, South Parkway running north into Proper Street, and Wilson Street running south into Proper Street. Latch was traveling approximately 37 miles per hour as he crested the hill and began to take his foot off of the accelerator and apply the brake.
¶ 4. There were two vehicles at the intersection as Latch approached. Davis's van was facing westbound at a complete stand still at the stop sign on Proper Street and its turn signal was not activated. After seeing Latch approaching from the west a second vehicle, which was facing north on South Parkway, turned right onto Proper Street but immediately turned right again into a gas station located on the southeast corner of the intersection. At that point, Latch determined that it was safe to proceed through the intersection so he began to accelerate, but Davis suddenly made a left turn and the two vehicles collided.
¶ 5. Davis brought suit in the Circuit Court of Alcorn County and the case was tried without a jury pursuant to Mississippi Code Annotated Section 11-46-13(1) (Rev.2002). The judge found that Latch was responding to a disturbance or a fight, and therefore, was acting within the course and scope of his employment. The trial judge also found that Latch could have been traveling up to 45 miles per hour and still could have stopped his vehicle in time. The trial judge found that the greater weight of evidence proved that Davis's left turn signal was not activated. Finally, the trial judge found that Latch's behavior did not amount to a reckless disregard for the safety of others. As a result, Latch, the City of Corinth, and the Corinth Police Department were all immune from liability. Davis now appeals this decision.

STANDARD OF REVIEW
¶ 6. "A circuit court judge sitting without a jury is accorded the same deference with regards to his findings as a chancellor, and his findings are safe on appeal where they are supported by substantial, credible, and reasonable evidence." Maldonado v. Kelly, 768 So.2d 906, 907(¶ 4) (Miss.2000). These findings will not be disturbed on appeal unless they are manifestly wrong, clearly erroneous or an erroneous legal standard was applied. City of Jackson v. Perry, 764 So.2d 373, 376(¶ 9) (Miss.2000).

LEGAL ANALYSIS
I. WHETHER THE TRIAL COURT'S FINDING WAS AGAINST THE OVERWHELMING WEIGHT OF EVIDENCE
¶ 7. Davis argues that Latch's actions did not fall under the Mississippi Tort Claims Act and, thus, he was not immune from liability. The relevant statute states:
(1) A governmental entity and its employees acting within the course and scope of their employment or duties shall not be liable for any claim: ... (c) [a]rising out of any act or omission of an employee of a governmental entity engaged in the performance or execution of duties or activities relating to police or fire protection unless the employee acted in reckless disregard of the safety and well-being of any person not engaged in criminal activity at the time of the injury....
Miss.Code Ann. § 11-46-9(1)(c) (Rev. 2002).
¶ 8. "Reckless disregard" has been defined as:
the voluntary doing by motorist of an improper or wrongful act, or with knowledge of existing conditions, the voluntary *1062 refraining from doing a proper or prudent act when such act or failure to act evinces an entire abandonment of any care, and heedless indifference to results which may follow and the reckless taking of chance of accident happening without intent that any occur....
Turner v. City of Ruleville, 735 So.2d 226, 229 (¶ 11) (Miss.1999).
¶ 9. "[R]eckless disregard is a higher standard than gross negligence by which to judge the conduct of officers." Id. at 229-30 (¶ 17). "[R]eckless disregard embraces willful or wanton conduct which requires knowingly and intentionally doing a thing or wrongful act." Id. at 230 (¶ 19).
¶ 10. Davis alleges that Latch acted with reckless disregard for her safety while operating his vehicle. In support of this allegation, Davis argues that Latch failed to follow the proper procedure for emergency vehicles. Specifically, Davis argues that Latch should have proceeded through the intersection like the two other officers. Davis also argues that Latch was unable to avoid the accident at the speed he was traveling. Davis cites Maye v. Pearl River County, 758 So.2d 391 (Miss. 1999), in support of her position.
¶ 11. In Maye, an officer was backing his vehicle up an incline, which was also the entrance of a parking lot. The officer collided with a vehicle which had turned off the road onto the incline. The officer testified that he could not see the road from the parking lot because the jail sat below the level of the road. The supreme court held that the officer "showed a conscious disregard for the safety of others when he backed up an incline entrance to the parking lot knowing he could not be sure the area was clear." Id. at 395 (¶ 24).
¶ 12. Similarly, in Turner, the supreme court found that an officer "acted willfully and wantonly when he intentionally allowed a visibly intoxicated [person] to continue driving." Id. at 230 (¶ 21). The intoxicated driver then collided with Turner.
¶ 13. The supreme court also found an officer's actions to constitute reckless disregard in Perry, 764 So.2d at 378 (¶ 19). In that case, a Jackson police officer collided with Perry's vehicle. The officer testified that he customarily drove without knowing how fast he was going. In addition, the officer was on his way to lunch at the time of the accident. The supreme court found the officer acted with reckless disregard for the safety of others because he was speeding without purpose and failed to use any lights or sirens. Id.
¶ 14. More recently, the supreme court has upheld two trial courts' findings of reckless disregard. See City of Jackson v. Brister, 838 So.2d 274 (Miss.2003); City of Jackson v. Lipsey, 834 So.2d 687 (Miss. 2003). In Brister, the court found the officer's conduct rose to the level of reckless disregard when the officer began a high speed chase, in direct violation of police policy and without knowing what type of crime had been committed by the suspect. Id. at 280-81 (¶ 23). The court noted that the officer involved in the accident was engaging in his first "hot pursuit" in a heavily populated area and was totally unfamiliar with the terrain. Id. at 280 (¶ 21). In Lipsey, the court held that an officer acted with reckless disregard by driving in excess of the posted speed limit at night, with no headlights, blue lights or siren activated. Lipsey, 834 So.2d at 693 (¶ 23).
¶ 15. The common thread running through these cases is an appreciation of the unreasonable risk of danger involved coupled with a conscious indifference to the consequences that were certain to follow. We simply find this type of behavior *1063 missing from the instant case. There is no indication that Latch acted with deliberate disregard of the consequences of attempting to cross the intersection. Maldonado, 768 So.2d at 911 (¶ 12). "To the contrary, there is every indication that [Latch] was aware of the nature of the intersection and took specific steps to avoid any accidents." Id.
¶ 16. "The driver of any authorized emergency vehicle when responding to an emergency call upon approaching a red or stop signal or any stop sign shall slow down as necessary for safety but may proceed cautiously past such red or stop sign or signal. At other times drivers of authorized emergency vehicles shall stop in obedience to a stop sign or signal." Miss. Code Ann. § 63-3-315 (Rev.1996). By the same token, "[u]pon the immediate approach of an authorized emergency vehicle, when the driver is giving audible signal by siren, exhaust whistle, or bell, the driver of every other vehicle shall yield the right-of-way... and shall stop and remain in such position until the authorized emergency vehicle has passed...." Miss.Code Ann. § 63-3-809(1) (Rev.1996).
¶ 17. In this case, Latch was acting within the course and scope of his employment at the time of the accident. He was traveling approximately 37 miles per hour with his blue lights, wigwags and sirens activated as he approached the intersection. Davis's own expert testified that Latch could have stopped his vehicle in time even if he were traveling 40 miles per hour. There was nothing obstructing the view of either Davis or Latch. The greater weight of evidence proved that Davis's left turn signal was not activated. In addition, the Corinth police chief testified that Latch's actions were consistent with the department's policy.
¶ 18. The fact that the two other officers proceeded through the intersection at a lower rate of speed than Latch is not dispositive. Both officers testified at trial and both officers encountered different circumstances as they approached the intersection because none of the officers went through the intersection at the exact same time. Officer Howie testified that there were drivers whose faces, turn signals and other movements could not be seen by him. Officer Hopkins testified that a vehicle was immediately in front of him at the intersection proceeding in the same direction. As a result, we do not find these two officers' actions damaging to Latch.
¶ 19. It should also be noted that Latch consciously stopped at the previous two intersections because he considered both of those to be blind intersections. In other words, Latch could not determine that every direction was safe. Latch's behavior supports the finding that he appreciated the risk involved in approaching the intersection, and proceeded with caution only deciding to proceed at a point when he perceived it to be safe to do so.
¶ 20. We find the trial court's rulings to be supported by substantial, credible, and reasonable evidence. Latch's conduct does not rise to the level of reckless disregard under the analysis set forth in Turner. As a result, Latch, the City of Corinth, and the Corinth Police Department are entitled to immunity under the Mississippi Tort Claims Act.
¶ 21. THE JUDGMENT OF THE CIRCUIT COURT OF ALCORN COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., BRIDGES AND SOUTHWICK, P.JJ., THOMAS, LEE, IRVING, CHANDLER AND GRIFFIS, JJ., CONCUR.