930 So.2d 472 (2006)
Mary C. COLE, Individually, and Robin Smith, Individually, and as Parent/Guardian of Paityn Smith, a Minor, Appellants/Cross-Appellees
v.
MISSISSIPPI DEPARTMENT OF PUBLIC SAFETY and Michael Santa Cruz, Appellees/Cross-Appellants.
No. 2005-CA-00606-COA.
Court of Appeals of Mississippi.
May 30, 2006.
*473 Jack Lucian Denton, Biloxi, William C. Walker, Jackson, attorneys for appellants.
James H. Heidelberg, Pascagoula, attorney for appellees.
EN BANC.
BARNES, J., for the Court.
¶ 1. Mary Cole, individually, and Robin Smith, individually and as the parent/guardian of Paityn Smith, brought suit against the Mississippi Department of Public Safety and Officer Michael Santa Cruz. In their amended complaint, Cole and Smith alleged that Officer Santa Cruz, while pursuing a vehicle in his patrol car, collided with their vehicle at a busy intersection, proximately causing their injuries. Because Officer Santa Cruz was operating *474 in the course and scope of his employment when the accident occurred, the case was brought under the Mississippi Tort Claims Act. After a bench trial held in the Circuit Court of Jackson County, Mississippi, the trial judge concluded that Officer Santa Cruz had not acted with reckless disregard in causing the collision, and entered a judgment in favor of the defendants. Aggrieved, Cole appeals to this court. We affirm the judgment of the trial court.

STATEMENT OF FACTS AND PROCEDURAL HISTORY
¶ 2. On or about May 7, 1999, Officer Santa Cruz was patrolling Interstate 10 near the line between Harrison and Jackson counties. As he was driving down the interstate, Officer Santa Cruz received a BOLO[1] radio call that a white vehicle was driving on the interstate at a high rate of speed. Officer Santa Cruz attempted to position his vehicle so as to intercept the oncoming vehicle, but never made contact with it. He then proceeded to a gas station to eat dinner.
¶ 3. He arrived at the gas station and parked his vehicle. As he began to get out of his vehicle, he heard screeching tires as a white vehicle sped out of the parking lot. Believing this to be the same vehicle that was mentioned in the BOLO, Officer Santa Cruz immediately re-entered his vehicle and set off in pursuit. He testified at trial that he turned on his blue lights and his headlights (or "wig-wag lights") and, headed northbound, he pursued the white vehicle to an intersection. Despite the fact that he was facing a red light, and all of the lanes were occupied by cars, he decided to proceed through the intersection on the right shoulder. As he approached the intersection, he slowed from fifty-five miles per hour to forty-five miles per hour and sounded his fire horn. He stated that he could not see whether cars were approaching the intersection from the east or west, but he also testified that he believed that he could stop if a car entered the intersection. The intersection was clear as he made his approach; however, as he pulled onto the right shoulder, a car entered the intersection from the west. He slammed on his brakes, but was unable to stop in time and collided with the rear passenger's side of the car. He stated that his speed at the time of the impact was approximately fifteen to twenty miles per hour. At trial he testified that he was only unable to avoid the collision because his car slid on dirt and debris as he applied the brakes.
¶ 4. The car was driven by the plaintiff Mary Cole. Plaintiff Robin Smith was a passenger in the back seat, along with her daughter Paityn Smith. Cole testified that she did not see or hear Officer Santa Cruz's patrol car until it was upon her and the impact was imminent. She testified that she did not know whether his lights were on, or whether he sounded his fire horn, only that she was unaware of his approach as she traveled through the intersection. She also recounted that she saw dirt and debris flying from Officer Santa Cruz's car immediately before the impact. Cole claimed that she suffered physical and mental injuries as a result of the accident, while Robin Smith alleged that she and her daughter Paityn suffered only mental injuries. The extent of the injuries sustained by Cole, Robin, or Paityn and directly attributable to the accident was not clearly established at trial. Officer Santa Cruz was unharmed following the accident. There was only a crack on the front bumper of his vehicle, and the impact was not significant enough to cause deployment of his airbag. Cole's vehicle sustained a dent, although there was no broken *475 glass. The plaintiffs both testified that they believed the collision to be an accident, and that Officer Santa Cruz was courteous and helpful immediately after the collision occurred. Neither Cole nor Smith testified that Officer Santa Cruz was engaged in anything other than an emergency pursuit when the accident occurred.
¶ 5. Cole and Robin, individually and on behalf of Paityn, filed suit on July 11, 2000, against Officer Santa Cruz and the Mississippi Department of Public Safety. An amended complaint was filed on June 25, 2001. Although the complaint and amended complaint were brought under the Mississippi Tort Claims Act, Mississippi Code Annotated section 11-46-1 et. seq. (Supp. 2000), each complaint specifically pled only ordinary negligence claims. On August 23, 2002, the defendants filed a motion for summary judgment on the basis that the plaintiffs had failed to plead reckless disregard, which is required by section 11-46-9(1)(c) for the State to be found liable. The trial court denied the motion, finding that, while the plaintiffs did not specifically plead reckless disregard, the facts alleged in the amended complaint were sufficient to support a finding of reckless disregard.
¶ 6. The case was tried on February 22, 2005. At the conclusion of the bench trial, the trial judge determined that Officer Santa Cruz had not acted with reckless disregard and entered a judgment accordingly. Aggrieved, the plaintiffs appeal to this court urging that the facts presented at trial clearly indicate that Officer Santa Cruz acted with reckless disregard. The plaintiffs also direct our attention to an erroneous finding of fact made by the trial court judge, and posit that this error requires reversal. The defendants maintain that the trial court correctly found that Officer Santa Cruz's conduct did not rise to the level of reckless disregard, and further cross-appeal, raising the issue that the trial court improperly denied the defendants' motion for summary judgment. We find that the judgment of the trial court was well supported by the facts and therefore affirm. Because we find in favor of the defendants, we do not address the defendants' cross-appeal.

STANDARD OF REVIEW
¶ 7. The trial court is the finder of fact in an action brought under the Mississippi Tort Claims Act. Miss.Code Ann. § 11-46-13(1) (Rev.2005). "A circuit court judge sitting without a jury is accorded the same deference with regard to his findings as a chancellor, and his findings will not be reversed on appeal where they are supported by substantial, credible, and reasonable evidence." Donaldson v. Covington County, 846 So.2d 219, 222(¶ 11) (Miss.2003). Accordingly, we will not disturb the findings of this trial judge unless she abused her discretion, was manifestly wrong, clearly erroneous, or an erroneous legal standard was applied. See Mississippi Dep't of Transp. v. Trosclair, 851 So.2d 408, 413(¶ 11) (Miss.Ct.App. 2003).

ISSUES AND ANALYSIS
¶ 8. The plaintiffs argue that the following conduct on the part of Officer Santa Cruz constituted reckless disregard: (1) operating his police car without a siren, (2) proceeding through a red light, (3) through a very busy intersection, (4) when he knew he could not see the traffic crossing the intersection with the green light, (5) traveling at forty to forty-five miles per hour, (6) knowing he did not know if he could stop, (7) intending not to stop unless he saw a vehicle crossing on the green light, and (8) without applying his brakes until after he saw the Cole vehicle crossing with the green light which vehicle was *476 then thirty to thirty-three feet in front of him. We find that several of these assertions are controverted by the evidence introduced at trial, and the assertions which are undisputed are inadequate to garner reversal when compared with the other evidence introduced at trial.
¶ 9. The Mississippi Tort Claims Act provides that:
A governmental entity and its employees acting within the course and scope of their employment or duties shall not be liable for any claim:
...
(c) Arising out of any act or omission of an employee of a governmental entity engaged in the performance or execution of duties or activities relating to police or fire protection unless the employee acted in reckless disregard of the safety and well-being of any person not engaged in criminal activity at the time of injury.
Miss.Code Ann. § 11-46-9(1)(c) (Rev. 2002). The purpose of Mississippi Code Annotated section 11-46-9 is "to protect law enforcement personnel from lawsuits arising out of the performance of their duties in law enforcement, with respect to the alleged victim." Maldonado v. Kelly, 768 So.2d 906, 909(¶ 6) (Miss.2000) (quoting City of Jackson v. Perry, 764 So.2d 373, 379(¶ 25) (Miss.2000)). Entities engaged in police protection are more likely to be exposed to dangerous situations and/or liability. Id. Public policy therefore requires that they be insulated from simple negligence, and held liable for reckless acts only. Id. Our supreme court has defined reckless disregard as:
the voluntary doing by [a] motorist of an improper or wrongful act, or with knowledge of existing conditions, the voluntary refraining from doing a proper or prudent act when such an act or failure to act evinces an entire abandonment of any care, and heedless indifference to results which may follow and the reckless taking of chance of accident happening without intent that any occur.
Turner v. City of Ruleville, 735 So.2d 226, 229(¶ 11) (Miss.1999). "Reckless disregard is a higher standard than gross negligence by which to judge the conduct of officers." Davis v. Latch, 873 So.2d 1059, 1062 (Miss. Ct.App.2004) (quoting Turner, 735 So.2d at 229(¶ 11)). Our courts have also held:
The terms `willful,' `wanton,' and `reckless' have been applied to that degree of fault which lies between intent to do wrong, and the mere reasonable risk of harm involved in ordinary negligence. These terms apply to conduct which is still merely negligent, rather than actually intended to do harm, but which is so far from a proper state of mind that it is treated in many respects as if harm was intended. The usual meaning assigned to [these] terms is that the actor has intentionally done an act of unreasonable character in reckless disregard of the risk known to him, or so obvious that he must be taken to have been aware of it, and so great as to make it highly probable that harm would follow. It usually is accompanied by a conscious indifference to consequences, amounting almost to a willingness that harm should follow.
Maldonado, 768 So.2d at 910(¶ 8) (quoting Maye v. Pearl River County, 758 So.2d 391, 394(¶ 19) (Miss.1999)).
¶ 10. In the instant case, the trial judge found in her conclusions of law that:
Officer Santa Cruz was driving his patrol car in pursuit of a white vehicle he witnessed driving erratically when he came to the intersection of Highway 609 and Lemoyne Boulevard. Officer Santa Cruz had turned on his blue lights and "wigwag lights" and reduced his speed *477 prior to entering the intersection. Officer Santa Cruz testified that he put on his brakes as soon as he saw the Plaintiff's vehicle but was unable to stop due to the gravel and debris on the road.
The Court finds no indication that Officer Santa Cruz acted with deliberate disregard to the consequences of attempting to cross the intersection. To the contrary, the Court finds that Officer Santa Cruz was aware of the nature of the intersection and took specific steps to avoid the collision. Officer Santa Cruz's decision to go through the intersection on the right side of the highway did not exhibit a willful or wanton disregard for the safety of others.
These conclusions are supported by the testimony adduced at trial. Officer Santa Cruz testified that he was in pursuit of a white vehicle when the accident occurred. At the outset of the chase, he turned on his blue lights and "wigwag" lights. He approached the intersection knowing that it was a dangerous intersection, and that he would be unable to see vehicles coming from the east and west until he was very close to the intersection. Because of the danger involved, he made the decision to proceed through the intersection on the right shoulder, sounded his air horn, and reduced his speed from approximately fifty-five miles per hour to approximately forty-five miles per hour. He entered the intersection believing he could stop if another car entered the intersection traveling east or west, and he testified that the only reason he was unable to prevent the collision with Cole was because the dirt and debris on the shoulder caused his car to slide when he applied his brakes.
¶ 11. The only evidence introduced at trial which contradicted Officer Santa Cruz's testimony was the affidavit of a Mr. Tanner, who claimed to be an eyewitness to the accident. In his affidavit, Tanner claimed that Officer Santa Cruz's vehicle was traveling at fifty to fifty-five miles per hour at the time of the impact, and that Officer Santa Cruz did not have on his emergency lights. However, at trial, Tanner recanted his affidavit, stating that he did not know the speed at which Officer Santa Cruz was traveling at the time of the accident, or whether Officer Santa Cruz was using his emergency lights.
¶ 12. Plaintiffs Cole and Smith offered no testimony which would contradict the testimony of Officer Santa Cruz. In fact, the testimony of Cole was that she saw dirt and debris flying from Officer Santa Cruz's vehicle immediately before the impact, corroborating his belief that the only reason he was unable to stop was because of dirt and debris located on the right shoulder.[2]
¶ 13. This being the case, we agree with the trial judge's determination that Officer Santa Cruz did not act with reckless disregard. His actions clearly did not manifest "an entire abandonment of any care," or "heedless indifference to results which may follow." Rather, he took specific steps in an attempt to safeguard other vehicles which may have entered the intersection.
¶ 14. The plaintiffs direct out attention to the trial judge's finding of fact that "Officer Santa Cruz testified that he had slowed to approximately 15-20 miles per hour to allow himself the opportunity to stop should there have been traffic coming through the intersection." This finding is erroneous, but only in degree. Officer Santa Cruz testified that he slowed to *478 forty-five miles per hour as he approached the intersection, and that at the time of the impact his car was traveling approximately fifteen to twenty miles per hour. In the trial judge's conclusions of law, she in part based her decision on the fact that Officer Santa Cruz "reduced his speed prior to entering the intersection." No mention was made in her conclusions of law as to the degree of his speed reduction. The uncontested testimony of Officer Santa Cruz was that he did reduce his speed to forty-five miles per hour prior to entering the intersection. The trial judge's conclusions of law are therefore undisturbed by this erroneous factual finding, and the error does not require reversal.
¶ 15. Accordingly, we affirm the judgment of the trial court in favor of the Mississippi Department of Public Safety and Officer Santa Cruz. Because we affirm the judgment of the trial court, we do not address the defendants' cross-appeal.
¶ 16. THE JUDGMENT OF THE CIRCUIT COURT OF JACKSON COUNTY IS AFFIRMED AS TO DIRECT APPEAL. THE CROSS-APPEAL IS MOOT. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS/CROSS-APPELLEES.
KING, C.J., LEE and MYERS, P.JJ., SOUTHWICK, IRVING, CHANDLER, GRIFFIS, ISHEE AND ROBERTS, JJ., CONCUR.
NOTES
[1] BOLO stands for "be on the lookout for."
[2] The dirt and debris on the shoulder is clearly evident in the post-accident pictures which were admitted into evidence.