DICKINSON, Presiding Justice,
dissenting:
¶ 67. My disagreement with the majority should come as no surprise, since today’s case is not my first disagreement with this Court’s willingness to both ignore decades of precedent and substantially dilute the plain meaning of the phrase “reckless disregard.”[14] And under similar facts, I shall continue to dissent until the Legislature changes the statute, this Court changes direction, or Webster redefines “reckless disregard” to mean what the majority claims it means.
¶ 68. The Mississippi Tort Claims Act (MTCA) — with one exception — provides immunity to police officers acting within the scope of their duties. That exception is where the officer acted “in reckless disregard of the safety and well-being of any *837 person not engaged in criminal activity at the time of the injury.”[15]
¶ 69. Our precedent holds that “reckless disregard is a higher standard than gross negligence and ‘embraces willful or wanton conduct which requires knowingly and intentionally doing a thing or wrongful act.’ ”[16] This Court has held that “ ‘wanton’ and ‘reckless disregard’ are just a step below specific intent.”[17] Indeed, reckless disregard requires that “conduct involved evinced not only some appreciation of the unreasonable risk involved, but also a deliberate disregard of that risk and the high probability of harm involved.”[18]
¶ 70. Officer May began pursuing Dear-man in sparsely populated industrial areas. He never traveled more than fifty miles per hour on city streets, or seventy miles per hour on a short span of Interstate 55 South. The uncontradicted evidence shows that, as soon as Officer May approached a residential area, he decreased his speed and pulled back from Dearman while unsuccessfully attempting to keep her in sight. A pedestrian pointed him in the direction of Monticello Road. Officer May proceeded to Monticello Road, substantially decreasing his speed and deactivating his blue lights. These are the facts upon which the majority finds Officer May acted in reckless disregard of the public’s safety.
¶ 71. It can be argued that Officer May was negligent under the circumstances-perhaps even grossly negligent. But these facts are not even close to the MTCA’s requirement of reckless disregard. And because the record does not support the trial judge’s finding that Officer May acted in “reckless disregard for the safety of the public,” I respectfully dissent.
PIERCE, J., joins this opinion.

. City of Ellisville v. Richardson, 913 So.2d 973 (Miss.2005).

. Miss.Code Ann. § 11 — 46—9(l)(c) (Rev. 2002).

. Collins v. Tallahatchie County, 876 So.2d 284, 287 (Miss.2004) (quoting Turner v. City of Ruleville, 735 So.2d 226, 230 (Miss. 1999)).

. Turner v. City of Ruleville, 735 So.2d at 230; see also Evans v. Trader, 614 So.2d 955, 958 (Miss. 1993).

. Miss. Dep't of Pub. Safety v. Dum, 861 So.2d 990, 995 (Miss.2003) (quoting Maldonado v. Kelly, 768 So.2d 906, 910-11 (Miss. 2000)).