LEE, C.J.,
 

 for the Court:
 

 PROCEDURAL HISTORY
 

 ¶ 1. On February 6, 2009, Shannon Johnson and her daughter, Sashaye Johnson, filed suit in the Clarke County Circuit Court against the City of Quitman (City) and Officers Hank Gandy and Cathy Cameron (collectively the Officers), individually and in their capacity as Quitman Police Officers. Johnson asserted that the City and the Officers were liable for injuries sustained by Johnson from an assault by
 
 *1263
 
 Johnson’s ex-husband, Daniel Nicholson, as a result of their failure to arrest Nicholson. Johnson alleged that the Officers’ conduct in failing to arrest Nicholson was in reckless disregard for Johnson’s safety and violated Mississippi Code Annotated section 99-3-7(3) (Rev.2007).
 

 ¶ 2. Ultimately, the Officers were dismissed from the action, and Johnson does not raise this dismissal in her appeal. The City filed a motion for summary judgment, arguing that it was entitled to immunity pursuant to the Mississippi Tort Claims Act (MTCA).
 
 See
 
 Miss.Code Ann. §§ 11-46-1 to 11-46-23 (Rev.2002 & Supp.2010). After a hearing on the merits, the trial court found that the City was entitled to the immunity provided for actions relating to police protection. Johnson now appeals, asserting the following issues: (1) the trial court erred in finding that the Officers did not act with reckless disregard to Johnson’s safety, and (2) the trial court erred in finding that the Officers did not falsify police records.
 

 FACTS
 

 ¶ 3. Johnson and Nicholson were divorced in 2005. The divorce decree contained an order permanently restraining Nicholson from having any contact with Johnson. On or about February 17, 2008, the Officers responded to a disturbance call at Johnson’s house in Quitman, Mississippi. Nicholson was in front of Johnson’s house threatening to harm Johnson and her family. Nicholson was not arrested, but he was ordered by the Officers to leave. Officer Cameron stayed at the house until Nicholson departed. On February 20, 2008, Nicholson returned to Johnson’s home, where he proceeded to beat Johnson and stab her with a knife. Nicholson also stabbed Sashaye.
 

 STANDARD OF REVIEW
 

 ¶ 4. In reviewing a trial court’s grant of summary judgment, this Court employs a de novo standard of review.
 
 Anglado v. Leaf River Forest Prods., Inc.,
 
 716 So.2d 543, 547 (¶ 13) (Miss.1998). Summary judgment “shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” M.R.C.P. 56(c). This Court will consider all of the evidence before the trial court in the light most favorable to the non-moving party.
 
 Palmer v. Anderson Infirmary Benevolent Ass’n,
 
 656 So.2d 790, 794 (Miss.1995). The party opposing the motion “may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.” M.R.C.P. 56(e). The entry of summary judgment is mandated if the non-movant “fails to make a showing sufficient to establish an essential element of the claim or defense, then all other facts are immaterial, and the moving party is entitled to judgment as a matter of law.”
 
 Galloway v. Travelers Ins. Co.,
 
 515 So.2d 678, 684 (Miss.1987). This Court also reviews the proper application of the MTCA de novo.
 
 City of Jackson v. Brister,
 
 838 So.2d 274, 278 (¶ 13) (Miss.2003).
 

 DISCUSSION
 

 I. RECKLESS DISREGARD
 

 ¶ 5. Johnson’s first issue on appeal concerns whether the Officers acted with reckless disregard to her and her daughter’s safety. Athough the MTCA waives sovereign immunity for tort actions, it also prescribes certain exemptions from this statutory waiver under which a governmental entity retains its sovereign immunity:
 

 
 *1264
 
 (1) A governmental entity and its employees acting within the course and scope of their employment or duties shall not be liable for any claim:
 

 (c) Arising out of any act or omission of an employee of a governmental entity engaged in the performance or execution of duties or activities relating to police or fire protection unless the employee acted in reckless disregard of the safety and well-being of any person not engaged in criminal activity at the time of injury....
 

 Miss.Code Ann. § 11—46—9(1)(c) (Supp.2010).
 

 ¶ 6. The Mississippi Supreme Court has held that “reckless disregard” under Mississippi Code Annotated section 11-46-9(l)(e) (Supp.2010) “embraces willful and wanton conduct which requires knowingly or intentionally doing a thing or wrongful act.”
 
 Turner v. City of Ruleville,
 
 735 So.2d 226, 230 (¶ 19) (Miss.1999). “Reckless disregard usually is accompanied by a conscious indifference to consequences, amounting almost to a willingness that harm should follow.”
 
 Miss. Dep’t of Pub. Safety v. Durn,
 
 861 So.2d 990, 995 (¶ 10) (Miss.2003)(quoting
 
 Maye v. Pearl River County,
 
 758 So.2d 391, 394 (¶ 19) (Miss.1999)).
 

 ¶ 7. In a similar situation, the Mississippi Supreme Court held that there was “no evidence that the officers intended for harm to follow their decision not to arrest, nor is there evidence establishing a conscious indifference to the consequences of their actions.”
 
 City of Laurel v. Williams,
 
 21 So.3d 1170, 1176 (¶ 21) (Miss.2009). In that particular case, the officers failed to arrest the victim’s boyfriend after responding to prior domestic disturbances.
 
 Id.
 
 at 1173 (¶ 10). The boyfriend returned later that same night and murdered his girlfriend.
 
 Id.
 
 at 1173 (¶ 12). In the case at hand, Nicholson was not arrested, but he was ordered to leave the premises. Furthermore, Officer Cameron stayed at the scene until she was certain Nicholson had left the premises. Nicholson came back to Johnson’s house approximately three days later and stabbed Johnson and her daughter.
 

 ¶ 8. Johnson has presented no evidence suggesting that the Officers intended for harm to follow their decision not to arrest Nicholson. There is no evidence that the Officers’ conduct was willful or wanton. Therefore, we find that the City was entitled to immunity as provided for actions relating to section 11—46—9—(l)(c). This issue is without merit.
 

 II. FALSIFICATION OF POLICE RECORDS
 

 ¶ 9. In her other issue on appeal, Johnson argues that the Officers attempted to conceal their wrongdoing by falsifying their records to reflect the following: Nicholson was at Johnson’s house on February 11 rather than February 17, and Johnson had asked them not to arrest Nicholson. However, Johnson has failed to support this contention with anything other than mere allegations. This issue is without merit.
 

 ¶10. THE JUDGMENT OF THE CLARKE COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
 

 IRVING AND GRIFFIS, P.JJ., MYERS, BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND RUSSELL, JJ., CONCUR.