DICKINSON, Presiding Justice,
dissenting:
¶ 32. The majority’s erosion of the Legislature’s public-policy decision to provide protection to police officers is improper, inappropriate, and unsupportable. The facts in this case do not come close to establishing that Officer Jackson acted with “reckless disregard of the safety and *332 well-being” of the public,[10] so I respectfully dissent.
¶ 33. We all agree that the Mississippi Tort Claims Act provides immunity to Officer Jackson unless he acted in “reckless disregard of the safety and well-being of any person not engaged in criminal activity at the time of injury....”[11] We have held unambiguously, in the context of the Mississippi Tort Claims Act, “willful and wanton are synonymous with reckless disregard ...,”[12] and that “reckless must connote “wanton or willful,’ because immunity lies for negligence.”[13] We have further held that “‘wanton’ and ‘reckless disregard’ are just a step below specific intent,”[14] and that “ ‘reckless disregard’ embraces willful or wanton conduct which requires knowingly and intentionally doing a thing or wrongful act.”[15]
¶ 34. Given the level of culpability our precedent requires for a finding of “reckless disregard,”[16] I am prepared to say that — as a matter of law — Officer Jackson’s conduct did not amount to “reckless disregard of the safety and well-being of any person not engaged in criminal activity at the time of injury....”[17]
¶ 35. At around 10:30 at night, Officer Jackson saw the suspect turn off his headlights and take a turn to avoid a road block. He pursued the car through a residential area for a short distance — 1.2 miles — without exceeding the speed limit, and he used his blue lights and sirens. After Officer Jackson radioed in, Sergeant Jonathan Crawford instructed him to end the pursuit. Officer Jackson complied and turned off his blue lights and sirens. At this point, the parties dispute whether Officer Jackson continued the chase after shutting off his lights and sirens, but all parties agree that he continued to travel in the same direction as Butler. Office Jackson’s speed[18] for the last six-tenths of a mile,[19] also is in dispute. But, even if Officer Jackson did continue in Butler’s direction in excess of the speed limit for six-tenths of a mile, there is no evidence that his conduct was anything more than simple negligence. And, even if one argues that speeding in a residential area for six-tenths of a mile is grossly negligent, still, it cannot be said that this amounted to willful and wonton conduct or a reckless disregard for the safety of the public.
¶ 36. Neither Officer Jackson’s “continued” pursuit nor the resulting possibility that he violated a Jackson Police Department general order rises to the level of a reckless disregard for the safety of the public. The majority disagrees with the Jackson Police Department’s Internal Affairs Department, which found that Officer Jackson did not violate a Jackson Police Department policy by continuing in the direction of the suspect after shutting off his blue lights and sirens. But again, even *333 if he did, the violation of this policy — under these circumstances — cannot be considered a reckless disregard for the public safety.
¶ 37. The majority also finds that Officer Jackson’s “failure to terminate pursuit, in spite of clear instructions from a superi- or officer to do so, constitutes reckless disregard, and exemplifies the wanton or wilful conduct....” I cannot agree. First, Officer Jackson did terminate his pursuit; no party contests that he turned off his blue lights and sirens, and he testified he also slowed down. Instead, the majority finds that, because Officer Jackson continued to travel in the direction of the suspect — after obeying orders to turn off his blue lights and sirens — he wantonly defied the order of his superior officer. And such a defiance amounts to a reckless disregard. Even if the facts are as the majority states, this conduct does not amount to an act that is “just a step below specific intent,”[20] and it is not a willful, intentional, or knowing disregard for public safety, and thus cannot amount to reckless disregard.
¶38. Because Officer Jackson clearly did not act with a reckless disregard for public safety, I respectfully dissent.
PIERCE and COLEMAN, JJ., join this opinion.

. Miss.Code Ann. § 1 l-46-9(l)(c) (Rev. 2012).

. Id.

. Turner v. City of Ruleville, 735 So.2d 226, 230 (Miss. 1999);

. Id.

. Id. (citing Evans v. Trader, 614 So.2d 955, 958 (Miss. 1993)).

. City of Jackson v. Lipsey, 834 So.2d 687, 692 (Miss.2003) (citations omitted).

. Id.

. Miss.Code Ann. § ll-46-9(l)(c).

. Whether he traveled at forty or sixty miles per hour when the posted speed limited was thirty-five is in question.

. The trial court found that Officer Jackson’s pursuit lasted a total of 1.8 miles.

. Turner, 735 So.2d at 230 (citations omitted).