989 So.2d 414 (2008)
Robin Lee VO, Appellant
v.
HANCOCK COUNTY, Mississippi, Appellee.
No. 2007-CA-00071-COA.
Court of Appeals of Mississippi.
May 13, 2008.
Rehearing Denied August 26, 2008.
*415 Chad P. Youngblood, Michael E. Cox, Biloxi, attorneys for appellant.
Walter W. Dukes, Gulfport, attorney for appellee.
Before LEE, P.J., CHANDLER and BARNES, JJ.
BARNES, J., for the Court.
¶ 1. Robin Lee Vo appeals the decision of the Hancock County Circuit Court, which granted summary judgment in favor of Hancock County, Mississippi. Vo sued Hancock County for injuries allegedly sustained as a result of an automobile accident with Deputy Christopher Russell while he was acting within the scope of his employment with the Hancock County Sheriff's Department. On appeal, Vo argues that the trial court erred in granting Hancock County's motion for summary judgment as there was a genuine issue of material fact as to whether Deputy Russell acted with reckless disregard. Finding no error, we affirm.

STATEMENT OF THE FACTS AND PROCEDURAL HISTORY
¶ 2. On July 8, 2003, Vo left her home at Bay Park Apartments and went to visit a friend who lived at Blue Meadow Apartments in Bay St. Louis, Mississippi. Upon leaving her friend's residence to return home, Vo's vehicle collided with that of Deputy Russell, who was backing up from a parked position. Vo estimates she was traveling at a speed of five miles per hour. Although Deputy Russell does not recall Vo's vehicle approaching him, his unmarked vehicle collided with the passenger door of Vo's vehicle.
¶ 3. In his affidavit, Deputy Russell stated that he recalled looking to his left before backing out of the parking space, but he did not specifically recall looking to his right; however, he maintained it would have been typical of his actions and consistent with his training to do so. He stated that he was slowly backing his vehicle out of the parking spot and had a low impact collision with Vo. According to Deputy Russell, he did not willfully, intentionally, or recklessly collide with Vo, and he maintained a vigilant look out while backing up.
*416 ¶ 4. On July 6, 2004, Vo filed suit under the Mississippi Tort Claims Act (MTCA), alleging that Deputy Russell's reckless disregard for the safety and well-being of others resulted in the collision whereby she sustained injuries. On June 23, 2005, Vo's deposition began, but it was terminated prematurely when an unanticipated potential conflict arose with Vo's counsel, who immediately withdrew from the case. Thus, Deputy Russell was not deposed, and discovery was postponed. For the next eight months, the parties disputed the admission to this case of Vo's foreign attorney.
¶ 5. On May 8, 2006, Hancock County filed a motion for summary judgment, arguing that there was no genuine issue of material fact as to whether Deputy Russell's conduct constituted "reckless disregard" and thereby excepted the county from immunity under Mississippi Code Annotated section 11-46-9(1)(c) (Rev.2002). The circuit court entered a judgment on December 7, 2006, granting the motion for summary judgment. Vo filed a notice of appeal on January 5, 2007.

STANDARD OF REVIEW
¶ 6. This Court reviews a trial court's grant of summary judgment de novo. Powell v. Clay County Bd. of Supervisors, 924 So.2d 523, 526(6) (Miss.2006) (citing Miss. Farm Bureau Mut. Ins. Co. v. Walters, 908 So.2d 765, 768(¶ 9) (Miss. 2005)). Pursuant to Mississippi Rule of Civil Procedure 56(c), summary judgment is proper if "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The evidence will be analyzed in the light most favorable to the nonmoving party. Triplett v. Dempsey, 633 So.2d 1011, 1013 (Miss.1994). Therefore, this Court must determine if Hancock County adequately demonstrated that there was no genuine issue of material fact regarding Hancock County's entitlement to immunity under the MTCA.

ANALYSIS
¶ 7. The trial court granted Hancock County's motion for summary judgment on the grounds that Vo failed to establish that Deputy Russell acted with reckless disregard when he struck her vehicle. According to section 11-46-9(1)(c), governmental entities and their employees engaged in the performance of duties or activities related to police or fire protection are immune from claims arising from alleged tortious conduct when acting within the course and scope of their employment or duties "unless the employee acted in reckless disregard of the safety and well-being of any person not engaged in criminal activity at the time of injury." The trial court's order granting summary judgment states that even if Deputy Russell failed to look both ways, that fact would create nothing more than simple negligence, liability for which the county is immune under the MTCA.
¶ 8. Reckless disregard is a higher standard than simple or gross negligence, but less than an intentional act. City of Jackson v. Brister, 838 So.2d 274, 280(23) (Miss.2003). The supreme court has defined reckless disregard as "the voluntary doing by [a] motorist of an improper or wrongful act . . . [with] heedless indifference to results which may follow and the reckless taking of chance of [an] accident happening without intent that any occur.. . ." Davis v. Latch, 873 So.2d 1059, 1061-62(¶ 8) (Miss.Ct.App.2004) (quoting Turner v. City of Ruleville, 735 So.2d 226, 229(¶ 11) (Miss.1999)). This standard "embraces willful or wanton conduct" and usually *417 is accompanied by a "conscious indifference to consequences" and a deliberate disregard "that risk and the high probability of harm [are] involved." Willing v. Estate of Benz, 958 So.2d 1240, 1247(16) (Miss.Ct.App.2007) (quoting Miss. Dep't. of Pub. Safety v. Durn, 861 So.2d 990, 994-95 (¶¶ 10, 13) (Miss.2003)). In order to establish "reckless disregard" according to the standards established above in Willing, Vo must show facts from which a trier of fact could conclude that: (1) Deputy Russell's conduct created an unreasonable risk; (2) this risk included a high probability of harm; (3) Deputy Russell appreciated the unreasonable risk; and (4) Deputy Russell deliberately disregarded that risk, evincing "almost a willingness that harm should follow." See id. at (¶ 17).
¶ 9. Vo asserts that looking both to the left and the right are typical of Deputy Russell's actions and consistent with his training as a law enforcement officer, and failure to do so rises to the level of reckless disregard. Vo notes the accident report only states that Deputy Russell looked to the left. She asserts that she was traveling toward Deputy Russell from the right, and since no cars were in the parking spaces to his right, Deputy Russell's looking only to his left rises to the level of reckless disregard. Vo also contends that there was evidence indicating that Deputy Russell failed to look in either direction before backing out of the parking space. Based on these different accounts of the incident, Vo contends that there was a genuine issue of material fact as to whether Deputy Russell acted with reckless disregard in failing to look before backing out of the parking space.
¶ 10. We find that the trial court did not err in granting Hancock County's motion for summary judgment. Viewed in the light most favorable to the nonmoving party, Vo failed to adduce specific facts which would rebut Hancock County's contention that there was no genuine issue of material fact as to whether Deputy Russell acted with reckless disregard; thus, Vo's claim fails as a matter of law.
¶ 11. Here, while there is a factual dispute regarding whether Deputy Russell looked both ways, or even one way, before backing out, it is not material. This is because, under these circumstances, we cannot find that it would constitute reckless disregard even if Deputy Russell failed to look in either direction. "The presence of fact issues in the record does not per se entitle a party to avoid summary judgment." Shaw v. Burchfield, 481 So.2d 247, 252 (Miss.1985). "The court must be convinced that the factual issue is a material one, one that matters in an outcome determinative sense." Id. "[T]he existence of a hundred contested issues of fact will not thwart summary judgment where there is no genuine dispute regarding the material issues of fact." Id.
¶ 12. The accident report stated that Deputy Russell looked to the left when backing up. His affidavit states he did not recall looking to the right, but it would have been consistent with his training to do so. However, he contends that he did look to the left, as he backed up at a low rate of speed. While failure to look to the right could indicate simple negligence, it does not rise to the "conscious indifference" standard of reckless disregard. In her affidavit, Vo states that Deputy Russell admitted fault and that he did not look before backing out his vehicle. Vo relies on her affidavit, in which she stated that an insurance adjuster with the Hancock County Board of Supervisors took a recorded statement regarding this incident approximately ten months after the accident, in which she stated that Deputy Russell did not look and admitted fault. She contends his statement was that he did not *418 look either way before backing up. However, this statement does not create a genuine issue of material fact as whether Deputy Russell acted with reckless disregard. Reckless disregard encompasses "conscious indifference to consequences" and evinces "almost a willingness that harm should follow." Willing, 958 So.2d at 1247 (¶¶ 16-17). Even assuming that Deputy Russell failed to look either way prior to backing out, this fact alone would not rise to the level of reckless disregard. Rather, it would constitute nothing more than simple negligence. An individual's failure to look is perhaps the most common cause of traffic accidents. There is nothing in the record to indicate that the accident at issue was anything more than an ordinary traffic accident based on simple negligence.
¶ 13. Vo relies on the supreme court's holding in Maye v. Pearl River County, 758 So.2d 391 (Miss.1999). In that case, the supreme court held that even though the officer checked his rear view mirrors before backing out of a parking space and proceeding up the incline to the entrance of the parking lot, the officer "showed a conscious disregard for the safety of others" because he knew that "he could not be sure the area was clear" by merely checking his mirrors. Id. at 394-95 (¶¶ 18, 24). We find that Maye is distinguishable from the instant case. In Maye, the officer did not have a clear view at all and backed out into the roadway knowing that there was a possibility of cars approaching. Therefore, we find that Maye does not stand for the proposition that failure to look both ways while backing out constitutes reckless disregard. In the present case, Deputy Russell asserted that he had a clear view and that he maintained a vigilant lookout before and while backing up from the parking spot. Moreover, he contended that he was leaving the parking spot at a very low rate of speed and that he did not see Vo's vehicle approaching him. Again, as we stated above, even assuming that Deputy Russell failed to look either way prior to backing out, his actions in this regard evince nothing more than simple negligence. Thus, Maye does not support a finding of reckless disregard on the part of Deputy Russell.
¶ 14. Vo also argues that the parties cannot agree on the following facts: (1) whether Deputy Russell was acting in the course and scope of his employment during the accident and (2) whether the accident occurred in a parking lot or open road. As far as whether Deputy Russell was within the course and scope of his employment, Vo states this fact in her complaint, and Hancock County admits it in its answer. Regarding whether the accident was in a parking lot or open road, a diagram attached to the accident report clearly shows the scene as a parking lot, and a photograph attached to Hancock County's rebuttal in support of its motion for summary judgment corroborates this fact.
¶ 15. Finally, Vo argues that discovery had hardly commenced before the trial court granted summary judgment; therefore, summary judgment was improper. Although Vo was deposed by opposing counsel before the motion's filing, Deputy Russell was not. Vo contends that the facts that could have been gathered from Deputy Russell's deposition would be vital to the trier of fact in understanding how Deputy Russell's conduct rose to the level of reckless disregard. She asserts that there was very little evidence to support the trial court's decision to grant summary judgment; therefore, it was in error.
¶ 16. We find further discovery was not warranted in this case to determine if a genuine issue of material fact existed. Once her original counsel withdrew due to a conflict, Vo had approximately eleven *419 months before the filing of Hancock County's motion for summary judgment to pursue any discovery. Entry of appearance by her new counsel occurred on July 22, 2005, approximately one month after her original counsel withdrew. There was sufficient time to compel further discovery before Hancock County's motion for summary judgment, but Vo failed to do so.
¶ 17. We find no error by the trial court in granting summary judgment without the deposition of Deputy Russell or additional discovery. Summary judgment was adequately based on the pleadings, answers to interrogatories, affidavits of both parties, and Vo's deposition prior to the motion's filing.

CONCLUSION
¶ 18. In order to avoid summary judgment, Vo was required to adduce evidence sufficient to create a genuine issue of material fact as to whether Deputy Russell's conduct rose to the level of reckless disregard for the safety and well-being of others. Vo failed to meet her burden in this regard. Therefore, we affirm the trial court's grant of summary judgment to Hancock County.
¶ 19. THE JUDGMENT OF THE CIRCUIT COURT OF HANCOCK COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.